IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor,<br>1915 N. Fulton Avenue<br>Baltimore, MD 21217<br>and<br>929 Abbott Court<br>Baltimore, MD 21202, Respectively<br><br>      Plaintiffs,<br><br>  v.<br><br>THE BOPPY COMPANY, LLC<br>350 Indiana Street, Suite 800<br>Golden, CO 80401<br>and<br>WALMART INC.<br>702 S. W 8th Street<br>Bentonville, AR 72716<br>and<br>ARTSANA U.S.A., INC. d/b/a CHICCO<br>1826 William Penn Way<br>Lancaster, PA 17601<br>and<br>ARTSANA S.P.A. d/b/a ARTSANA GROUP<br>Via Saldarini Catelli 1<br>Grandate, 22070 Italy<br>and<br>**ABC COMPANIES I-X,** being a fictitious designation for corporations, manufacturing corporations, professional corporations, professional associations, professional partnerships, and/or other jural entities which are unknown and were involved in the manufacturing, designing, marketing, and/or selling of the Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and/or Pottery Barn Kids Boppy Newborn Loungers<br>and<br>**JOHN DOES I-X,** being a fictitious designation for persons whose identities<br><br>and/or actions are unknown who were the actual, apparent or ostensible agents, servants, and/or employees of The Boppy Company, LLC, Artsana, U.S.A., Inc. d/b/a Chicco, | CIVIL ACTION<br><br>CASE NO.<br><br>JURY TRIAL DEMANDED |

|  |
|---|
| Artsana S.p.A. d/b/a Artsana Group, Walmart Inc., and/or ABC Corporations I-X and who were involved in the manufacturing, designing, marketing, and/or selling of Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and/or Pottery Barn Kids Boppy Newborn Loungers, <br><br>                                                    Defendants. |

## DEFENDANT WALMART INC.'S NOTICE OF REMOVAL

Defendant Walmart Inc. (hereinafter referred to as "Walmart"), by and through their undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby file this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c)(2) to remove this action from the Philadelphia County Court of Common Pleas, October Term, 2022, No. 0594 where it is currently pending, to the United States District Court for the Eastern District of Pennsylvania and in support thereof aver as follows:

1. On or about October 7, 2022, Zaleiph Wooten and Tawana Patina Reid, individually and as co-administrators of the estate of Z.W., Jr., hereinafter referred to as "Plaintiffs" initiated their civil action by filing a Complaint in the Court of Common Pleas of Philadelphia, October Term, 2022, No. 0594. A true and correct copy of Plaintiff's complaint is attached hereto as Exhibit "A."

2. Plaintiffs aver that they are citizens of Maryland. *Id.* at ¶ 1.

3. Plaintiffs claim that Z.W., Jr. "died intestate on October 8, 2020, at the age of seven (7) days." *See* Exhibit "A," ¶ 2.

4. Plaintiffs claim that Z.W., Jr. was caused to asphyxiate and pass away due to a design defect with a Boppy Original Newborn Lounger (hereinafter the "Product"). *See* Exhibit "A," ¶¶ 29, 32.

5. Plaintiffs claim that they received the Product as a gift, purchased for them from their Walmart baby registry. *See* Exhibit "A," ¶¶ 19.

6. Plaintiffs aver counts of Negligence, Fraudulent Concealment, Defective Manufacture and Design, Failure to Warn, Negligent Misrepresentation, Common Law Fraud, Negligent Infliction of Emotional Distress, Breach of Express Warranty, Breach of Implied Warranty, Violation of Consumer Protection Law, Gross Negligence, and Wrongful Death against all Defendants in this action. *See Generally* Exhibit "A."

7. In addition to Walmart Inc., Plaintiffs also named The Boppy Company, LLC (hereinafter "Boppy"), Artsana U.S.A., Inc. d/b/a Chicco (hereinafter "Artsana USA"), Artsana S.P.A. d/b/a Artsana Group (hereinafter "Artsana") and various ABC Companies and John Does. *See* Exhibit "A."

8. Plaintiffs generally aver that "the [Product(s)]… are designed, marketed, sold, and manufactured by the Defendants." *See* Exhibit "A," ¶ 21.

9. Plaintiffs fail to specify which Defendants designed, manufactured, marketed, or sold the Product, but rather lump all Defendants together into generalized averments. *See* Exhibit "A" generally.

10. On October, 10, 2022 Plaintiffs served their Complaint on Walmart Inc. *See* Affidavit of Service on Walmart, attached hereto as Exhibit "B."

11. Though Plaintiffs aver in their Complaint that they are seeking damages in excess of the local arbitration limit ($50,000), based on the nature of the Complaint, which alleges the wrongful death of an infant, it is clear that the amount in controversy in this matter exceeds $75,000.

12. Defendant Artsana U.S.A., Inc., the only Pennsylvania Defendant, was fraudulently joined to prevent removal to Federal Court.

13. Plaintiffs are diverse from the remaining, non-fraudulently joined Defendants.

14. For the reasons set forth more fully below, this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332 because the properly joined parties are citizens of different states and the matter in controversy exceeds $75,000.

### A. PLAINTIFFS ARE DIVERSE FROM ALL PROPERLY JOINED DEFENDANTS

15. Plaintiffs aver that they reside at 1915 N. Fulton Avenue, Baltimore Maryland and 929 Abbot Court, Baltimore, Maryland. *See* Exhibit "A", ¶ 1.

16. They further aver that they are citizens of the State of Maryland. *Id.*

17. Defendant Walmart Inc. is a Delaware corporation with a principal place of business located in Bentonville, Arkansas.

18. As such, Walmart is a citizen of Arkansas and Delaware, and not Maryland or Pennsylvania.

19. The Boppy Company, LLC is a Colorado limited liability company.

20. As such, Boppy is a citizen of Colorado, and not Maryland or Pennsylvania.

21. Artsana s.p.a. d/b/a Artsana Group is foreign citizen, organized under the laws of Italy.

22. As such, Artsana is a citizen of Italy, and not Maryland or Pennsylvania.

23. As stated above, Plaintiff named Artsana U.S.A., Inc. d/b/a Chicco as a Defendant in this matter. *See* Exhibit "A."

24. Artsana USA is a New Jersey company, with a principal place of business in the Commonwealth of the Commonwealth of Pennsylvania. *See* Artsana USA's Preliminary Objections, attached hereto as Exhibit "C", ¶ 11.

25. As such, Artsana USA is a citizen of New Jersey and Pennsylvania, and is the only named Defendant that is a citizen of Pennsylvania.

26. Plaintiff has failed to plead what it contends Artsana USA's involvement in this matter *actually* was. *See* Exhibit "A" generally.

27. Assuming *arguendo* that Walmart sold the Product, which it does not concede, Walmart did not purchase the Product from Artsana USA; but rather purchased the Product from Boppy, which is a citizen of the State of Colorado.

28. Further, Artsana USA has pleaded and provided a sworn affidavit of noninvolvement with the Product and incident.

29. Indeed, in support of their Preliminary Objections to Plaintiffs' Complaint, Artsana USA submitted an Affidavit of Non-Involvement of Defendant Artsana USA, Inc. d/b/a Chicco. *See* a true and accurate copy of Affidavit of Artsana USA, attached hereto as Exhibit "D."

30. Although the Affidavit is captioned for another case, it involves the same named entity (Artsana USA) and the same Product (Boppy Original Newborn Lounger) as the one alleged in the matter at hand.

31. The affidavit was sworn to by the Chief Executive Officer (CEO) of the company, Tom Gwiazdowski. Exhibit "D", ¶ 1.

32. Mr. Gwiazdowski swore that he had personal knowledge of the workings of the company. Exhibit "D", ¶ 2.

33. He swore that Artsana USA "is not, and never has been involved with the design…manufacture… sale… [and] marketing of the Product (Boppy Original Newborn Lounger.)" Exhibit "D", ¶¶ 5-9.

34. As such, Plaintiffs' averments that Artsana USA was involved in the design, marketing, manufacture, or sale of the product are demonstrably false.

35. Artsana USA was fraudulently joined solely to destroy diversity and prevent removal to Federal Court.

36. Moreover, there is no connection between Walmart and Artsana USA with respect to the Product, as, again, assuming *arguendo* that Walmart did sell the Product, which it does not concede, Walmart would have obtained the Product directly from Boppy. *See* a true and accurate copy of Affidavit of Walmart, attached hereto as Exhibit "E."

37. "The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity." *In re Briscoe*, 448 F.3d 201, 215-216 (3d Cir. 2006) (*citing Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

38. A diverse defendant "may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *Briscoe*, 448 F.3d at 216.

39. "'Fraudulent joinder' is a term of art – a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests – one objective and one subjective." *Lopez v. Home Depot, Inc.*, 2008 U.S. Dist. LEXIS 56292, *4-5 (E.D. Pa. Jul. 22, 2008) *(citing Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32 (3d Cir. 1985)).

40. Joinder is fraudulent "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Arndt v. Johnson & Johnson*, 2014 U.S. Dist. LEXIS 28629, *8-9 (E.D. Pa. Mar. 5, 2014) (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

41. This Court has recognized that an affidavit can be considered when determining whether a party has been fraudulently joined when it "completely divorces the challenged defendant from the allegations" in the complaint. *Accardi v. Dunbar Armored, Inc.*, 2013 U.S. Dist. LEXIS 113822, *11-12, 2013 WL 4079888 (E.D. Pa. Aug. 13, 2013) (citation omitted).

42. The allegations against Artsana USA, vague as they are, are based solely on the unfounded belief that Artsana USA was involved in the design, manufacture, marketing, or sale of the Product, allegedly sold by Walmart, and distributed to Walmart by Boppy.

43. In light of Artsana USA's affidavit, it is evident that they have no involvement in the subject matter of the instant litigation, and should not be a named party to the suit.

44. Further, Walmart's records indicate that Boppy supplied the Walmart Original Newborn Lounger to Walmart, not Artsana USA.

45. Indeed, Plaintiffs' claims against Artsana USA were clearly designed for the sole purpose of destroying diversity to prevent removal to Federal Court, and as such, they are fraudulently joined.

46. There is no reasonable basis in fact or colorable ground supporting the claim against Artsana USA.

47. Given their fraudulent inclusion in this suit, Artsana USA's mere presence cannot destroy diversity. *In re Diet Drugs*, 220 F. Supp. 2d 414, 419 (E.D. Pa. Aug. 13, 2002) (stating that "[t]he presence of a party fraudulently joined cannot defeat removal").

48. Accordingly, Plaintiffs are diverse from all properly joined Defendants, and the requirements for removal based on diversity of citizenship are satisfied.

### B.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS.

49. Removal is proper under 28 U.S.C. § 1446(c)(2), which allows a defendant to assert an amount in controversy in its notice of removal if the initial pleading seeks a money judgment when the state practice either precludes a plaintiff from demanding a specific sum or permits a plaintiff to recover damages in excess of the amount demanded.

50. In the instant matter, Plaintiffs are alleging the wrongful death of their infant son.

51. Plaintiffs seek damages under the Survival Act for the total amount of the Decedent's "future lost earning capacity, including, but not limited to, the total amount of future lost earnings and earning capacity, including, but not limited to, the total lost future net earnings for decedent, less his cost of personal maintenance." *See* Exhibit "A", ¶ 170.

52. Though their Complaint does not specify that they are seeking damages in excess of the jurisdictional limit, Walmart, in good faith, has every reason to believe that given Decedent's infancy, the amount in controversy in this matter will exceed $75,000.

53. As such, Walmart, based on reasonable belief and investigation, in good faith believes the damages alleged in this matter to exceed $75,000.

54. The United States District Court of Pennsylvania is the Federal Judicial District encompassing Philadelphia County, Pennsylvania, where the State Action was filed. For purposes of removal, venues lies in this Court, pursuant to 28 U.S.C. §§ 1441(a), 1441(b), and 1446(c)(2) have been satisfied and the matter is properly removable.

**WHEREFORE**, Defendant Walmart Inc. respectfully requests that the State Action be removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

**MCDONNELL & ASSOCIATES, PC**

Dated: October 28, 2022    By:   */s/ Sean K. Ruckenstein*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Sean K. Ruckenstein, Esquire
Attorney I.D. No. 328701
Email: sruckenstein@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Walmart Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor, <br> 1915 N. Fulton Avenue <br> Baltimore, MD 21217 <br> and <br> 929 Abbott Court <br> Baltimore, MD 21202, Respectively <br><br> Plaintiffs, <br><br> v. <br><br> THE BOPPY COMPANY, LLC <br> 350 Indiana Street, Suite 800 <br> Golden, CO 80401 <br> and <br> WALMART INC. <br> 702 S. W 8th Street <br> Bentonville, AR 72716 <br> and <br> ARTSANA U.S.A., INC. d/b/a CHICCO <br> 1826 William Penn Way <br> Lancaster, PA 17601 <br> and <br> ARTSANA S.P.A. d/b/a ARTSANA GROUP <br> Via Saldarini Catelli 1 <br> Grandate, 22070 Italy <br> and <br> **ABC COMPANIES I-X,** being a fictitious designation for corporations, manufacturing corporations, professional corporations, professional associations, professional partnerships, and/or other jural entities which are unknown and were involved in the manufacturing, designing, marketing, and/or selling of the Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and/or Pottery Barn Kids Boppy Newborn Loungers <br> and <br> **JOHN DOES I-X,** being a fictitious designation for persons whose identities <br><br> and/or actions are unknown who were the actual, apparent or ostensible agents, servants, and/or employees of The Boppy Company, | CIVIL ACTION <br><br> CASE NO. <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| LLC, Artsana, U.S.A., Inc. d/b/a Chicco, Artsana S.p.A. d/b/a Artsana Group, Walmart Inc., and/or ABC Corporations I-X and who were involved in the manufacturing, designing, marketing, and/or selling of Boppy Original Newborn Loungers, Boppy Preferred Newborn Loungers and/or Pottery Barn Kids Boppy Newborn Loungers,<br><br>                                        Defendants. | |

## CERTIFICATE OF SERVICE

I, Sean K. Ruckenstein, Esquire, hereby certify that on 28th day of October 2022, Defendants' Notice of Removal was filed with the Court and will be available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via electronic mail on this same date on the following:

Shanin Specter, Esquire
Michael A. Trunk, Esquire
Aaron L. Dunbar, Esquire
**KLINE AND SPECTER, PC**
1525 Locust Street
Philadelphia, PA 19102
*Attorneys for Plaintiff*

**MCDONNELL & ASSOCIATES, PC**

Dated: October 28, 2022         By:   /s/ *Sean K. Ruckenstein*
                                Patrick J. McDonnell, Esquire
                                Attorney I.D. No. 62310
                                Email: pmcdonnell@mcda-law.com
                                Sean K. Ruckenstein, Esquire
                                Attorney I.D. No. 328701
                                Email: sruckenstein@mcda-law.com
                                Metropolitan Business Center
                                860 1st Avenue, Suite 5B
                                King of Prussia, PA 19406
                                (T) 610.337.2087 (F) 610.337.2575
                                *Attorneys for Walmart Inc.*