IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor,<br>1915 N. Fulton Avenue<br>Baltimore, MD 21217<br>and<br>929 Abbott Court<br>Baltimore, MD 21202, Respectively<br><br>      Plaintiffs,<br> v.<br><br>THE BOPPY COMPANY, LLC<br>350 Indiana Street, Suite 800<br>Golden, CO 80401<br>and<br>WALMART INC.<br>702 S. W 8th Street<br>Bentonville, AR 72716<br>and<br>ARTSANA U.S.A., INC. d/b/a CHICCO<br>1826 William Penn Way<br>Lancaster, PA 17601<br>and<br>ARTSANA S.P.A. d/b/a ARTSANA GROUP<br>Via Saldarini Catelli 1<br>Grandate, 22070 Italy<br>et al.<br><br>      Defendants. | CIVIL ACTION<br><br>CASE NO. 2:22-cv-04341<br><br>JURY TRIAL DEMANDED |

## **ORDER**

  **AND NOW**, this _____ day of _____, 2022, upon consideration of Defendant Walmart Inc.'s Motion to Dismiss Plaintiff's Complaint or in the Alternative Transfer Venue, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Motion is **GRANTED**. Plaintiffs' Complaint is hereby dismissed with prejudice pursuant to R. 12(b)(2).

                        **BY THE COURT:**

                        _____

                        **Hon. Karen S. Marston, U.S.D.J**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor,<br><br>Plaintiffs,<br>v.<br><br>THE BOPPY COMPANY, LLC<br>and<br>WALMART INC.<br>et al.<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO. 2:22-cv-04341<br><br>JURY TRIAL DEMANDED |

## DEFENDANT WALMART INC'S MOTION TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO R. 12(b)(2), OR IN THE ALTERNATIVE TRANSFER VENUE

Defendant Walmart Inc. ("Walmart") by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., respectfully moves this Court to dismiss Plaintiffs' claims pursuant to R. 12(b)(2) as this Court lacks personal jurisdiction to hear this claim, or, in the alternative, to transfer venue to a proper venue. A brief in support of this Motion is attached hereto and incorporated herein by reference.

**McDonnell & Associates, PC**

Dated: November 4, 2022

/s/ *Sean K. Ruckenstein*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Sean K. Ruckenstein, Esquire
Attorney I.D. No. 328701
Email: sruckenstein@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Walmart Inc..*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor,<br>1915 N. Fulton Avenue<br>Baltimore, MD 21217<br>and<br>929 Abbott Court<br>Baltimore, MD 21202, Respectively<br><br>       Plaintiffs,<br> v.<br><br>THE BOPPY COMPANY, LLC<br>350 Indiana Street, Suite 800<br>Golden, CO 80401<br>and<br>WALMART INC.<br>702 S. W 8th Street<br>Bentonville, AR 72716<br>and<br>ARTSANA U.S.A., INC. d/b/a CHICCO<br>1826 William Penn Way<br>Lancaster, PA 17601<br>and<br>ARTSANA S.P.A. d/b/a ARTSANA GROUP<br>Via Saldarini Catelli 1<br>Grandate, 22070 Italy<br>et al.<br><br>       Defendants. | CIVIL ACTION<br><br>CASE NO. 2:22-cv-04341<br><br>JURY TRIAL DEMANDED |

**BRIEF IN SUPPORT OF DEFENDANT WALMART INC.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF JURISDICTION, OR IN THE <u>ALTERNATIVE TRANSFER VENUE.</u>**

Defendant Walmart Inc. ("Walmart") moves this Court to dismiss Plaintiffs' Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) since there are simply no factual allegations connecting the claims against Walmart, a Delaware corporation with a principal place of business in Bentonville, Arkansas, to conduct in or aimed at Pennsylvania.

Likewise, venue in this District is improper and inconvenient and it should be transferred pursuant to 28 U.S.C. § 1404(a) to a more convenient jurisdiction.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

On October 7, 2022, Plaintiffs, Zaleiph Wooten and Tawana Patina Reid (hereinafter Plaintiffs collectively), filed two virtually identical lawsuits: one in the Philadelphia County Court of Common Pleas (Pennsylvania Action) and the other in the Superior Court of New Castle County (Delaware Action). Copies of the Pennsylvania and Delaware Actions are attached hereto as Exhibits "A" and "B" respectively. According to both Actions, the Plaintiffs are residents of the State of Maryland. See Exhibit A at ¶1; Exhibit B at ¶¶1-2.

Walmart is a corporation organized under the laws of the State of Delaware. Exhibit "A" at ¶8; Exhibit "B" at ¶13. Walmart's principal place of business is in Bentonville, Arkansas. *Id.*

Plaintiffs allege that they received a Boppy Original Newborn Lounger (hereinafter "Product") as a gift through a Walmart baby registry.  Exhibit A at ¶16, Exhibit B at ¶19. The Plaintiffs do not allege in either Action that the Product was purchased in Pennsylvania. *Id.* Plaintiffs further allege that their child, Z.W. Jr., sustained fatal injuries "[d]ue to the unreasonably dangerous and defective design of [the Product]." Exhibit A at ¶22; Exhibit B at ¶19. Therefore, this is a products liability action brought by Maryland citizens against a foreign corporation in the Commonwealth of Pennsylvania

Plaintiffs do not allege in either Action that the Product was designed, manufactured, or distributed in Pennsylvania. Rather, jurisdiction is alleged to exist because Walmart: "regularly conducted business in the Commonwealth of Pennsylvania, . . .  through [its] substantial and purposeful transaction of business there, including but not limited to their receipt of substantial compensation, revenues, and/or profits from the sale of [the Product]." Exhibit A at ¶15.  Venue is

alleged to exist because [Walmart] regularly conduct[s] business in Philadelphia County. Exhibit A at ¶16.

In the Delaware Action, Plaintiffs make identical allegations about jurisdiction and venue in the State of Delaware and New Castle County respectively. In that case, they premise jurisdiction based upon Walmart's (Delaware) state of incorporation and similar contacts with that jurisdiction ("regularly conducted business"). Exhibit "B" at ¶¶13-14. Therefore, there are no specific allegations in either the Pennsylvania or Delaware Action that the conduct giving rise to the Plaintiffs' claims occurred in Pennsylvania. Similarly, there are no specific allegations against the other named Defendants that the conduct underlying either Action occurred or has any connection with Pennsylvania.[1]

## II.   LEGAL ARGUMENT

### A. Pennsylvania Lacks Personal Jurisdiction Over Walmart In This Litigation.

There is no valid basis for the exercise of personal jurisdiction over Walmart in this case. Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint if there is a lack of personal jurisdiction.

"The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff," *Abira Med. Labs., LLC v. Karim*, 2022 U.S. Dist. LEXIS 1684, *6-7, 2022 WL 44051(ED Pa. January 5, 2022 (Marston, J.)(*citing Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)), and the plaintiff must do so with "reasonable particularity," *Mellon Bank PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). As this court has noted, "[i]n reviewing a motion to

---

[1] In an effort to fraudulently manufacture some connection between the conduct underlying the Pennsylvania Action and this forum, Plaintiffs named Artsana U.S.A., Inc. d/b/a Chicco (hereinafter "Chicco"), which is purportedly headquartered in Lancaster County, PA. Chicco, however, has no connection with the Product. *See* Affidavit of Artsana USA d/b/a Chicco, attached hereto as Exhibit "C." The affidavit was sworn to by the Chief Executive Officer (CEO) of the company, Tom Gwiazdowski. *Id.* Likewise, in its Notice of Removal (ECF 1), Walmart averred that it did not purchase the Boppy Original Newborn Loungers, such as the one subject to this action, from Chicco, but rather would purchase them directly from The Boppy Company, LLC ("Boppy"), which is headquartered in Colorado.

3

dismiss for lack of personal jurisdiction, 'a court must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff.'" *Id.* at \*6 (*quoting Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)).  Plaintiffs' Complaint fails to plead any facts establishing jurisdiction under the appropriate standards.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753 (2014) (*citing* Federal Rule of Civil Procedure 4(k)(1)(A)).  "It has long been established that the Fourteenth Amendment limits the personal jurisdiction of state courts."  *Bristol-Myers Squibb v. Superior Court*, 2017 U.S. LEXIS 3873, \*10, 137 S. Ct. 1773, 1779 (2017).  "The primary focus of our personal jurisdiction inquiry is the defendant's relationship to the forum State."  *Id.*  "Since [the] seminal decision in *International Shoe*, our decisions have recognized two types of personal jurisdiction: 'general'… and 'specific'… jurisdiction."  *Id.* at 1779-1780 (*citing International Shoe v. Washington*, 326 U.S. 310, 66 S. Ct. 154 (1945)).

1. **Pennsylvania Lacks General Jurisdiction Over Walmart**

"The Court has general jurisdiction over a foreign corporation when its affiliations with the state are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 919, S. Ct. 2846 (2011); *See also Hammons v. Ethicon, Inc.*, 190 A.3d 1248, 1261 (Pa. Super. 2018). "A Court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers*, *supra*, 2017 U.S. LEXIS 3873, \*11, 137 S. Ct. 1773, 1780.  However, "general jurisdiction will not lie in a state in which neither a parent corporation nor its subsidiary is incorporated or has its principal place of business." *Daimler*, *supra*, 571 U.S. at 134.  In this case there is no dispute, and Plaintiffs have pleaded, that Walmart is incorporated in Delaware and has a

4


principal place of business in Arkansas. Exhibit "A" at ¶8; Exhibit "B" at ¶13 [2] Therefore, with respect to Walmart, general jurisdiction exists in the State of Delaware and the Delaware Action was filed in a court capable of exercising personal jurisdiction over Walmart. However, the Pennsylvania Action was not filed in a court with general jurisdiction and Plaintiffs must establish specific jurisdiction.

### 2. Pennsylvania Lacks Specific Jurisdiction Because There is No Connection with the Underlying Controversy

Plaintiffs' Pennsylvania Action fails to allege any specific affiliation between the events in controversy and the Commonwealth of Pennsylvania. "If general jurisdiction does not exist over a foreign defendant, it may still be subject to specific jurisdiction pursuant to Pennsylvania's long arm statute, 42 Pa.C.S.A. § 5322." *Id.* "Specific jurisdiction is very different" than general jurisdiction. *Bristol-Myers*, *supra*, 2017 U.S. LEXIS 3873, *11, 137 S. Ct. 1773, 1780. "In order for a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum… In other words, there must be an affiliation between the forum and the underlying controversy. *Id.* (*internal quotations and citations omitted*). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Id.* (*internal quotations omitted*). "In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State." *Id.* at 1781 (*internal quotations omitted*). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* In this case, there is no affiliation between the Commonwealth of Pennsylvania and the controversy.

---

[2] As set forth in Walmart's Notice of Removal (ECF 1), Pennsylvania also does not have general jurisdiction over any of the other properly served and joined Defendants since none of them are Pennsylvania citizens; and Chicco, who is alleged to have a headquarters in Lancaster, was fraudulently joined. See footnote 1, *infra*

5

It is evident that this court lacks both general and specific personal jurisdiction over the Pennsylvania Action and it must be dismissed.

### 3. The Well-Pleaded Facts Do Not Establish Specific Jurisdiction.

Specific personal jurisdiction is "case-specific" and may be exercised if a plaintiff's claims "arise out of or relate to the defendant's contacts with the forum" *Aldossari v. Ripp,* 49 F.4th 236, 258, (3d. Cir. 2022) (*internal citations omitted*). Put otherwise, "the defendant's suit-related conduct must create a substantial connection with the forum State" giving rise to a "relationship among the defendant, the forum, and the litigation." *Id.* (*citing Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)). Where specific jurisdiction is relied upon, there must be a substantial connection.

Applying Third Circuit precedent, this court has used the following test: "[i]n general, to determine whether specific jurisdiction exists, courts consider whether (1) the defendant "purposefully directed its activities at the forum"; (2) the litigation "arise[s] out of or relate[s] to at least one of those activities"; and (3) if "the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Abira Med. Labs.*, *supra*, 2022 U.S. Dist. LEXIS 1684, *8, 2022 WL 44051 (*internal citations omitted*). As this court has previously noted, "[s]pecific jurisdiction exists where the claims arise from or relate to the defendant's contacts with the forum state—or here, the forum District. " *Nadzam v. Broan-NuTone, LLC*, 2020 U.S. Dist. LEXIS 241216, *7, 2020 WL 7640929 (ED Pa. December 23, 2020) (Marston, J). Plaintiffs' Complaint fails to establish any of the elements required under this analysis. Accepting the well-pleaded facts as true, Plaintiffs' Pennsylvania Action establishes that Maryland residents sustained injuries, due to a defective product allegedly sold through Walmart's baby gift registry. Exhibit A at ¶19. This allegation does not establish any connection with the Commonwealth of Pennsylvania because it does not aver that Walmart directed or expressly aimed its tortious activity towards a Pennsylvania citizen. See, e.g., *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).

The United States Supreme Court has made clear that where there is no connection between a plaintiff's claims and the defendant's conduct in or aimed at the forum, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers*, *supra*, 2017 U.S. LEXIS 3873, *13, 137 S. Ct. at 1781. "[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales." *Danby Prods., Inc. v. New Widetech Indus. Co., Ltd.*, 2022 U.S. Dist. LEXIS 196376, *18, 2022 WL 16540073 (ED Pa. October 28, 2022) (*citing Goodyear Dunlop Tires Operations, supra*, 564 U.S. 915, 930, n.6). "Merely entering into a contract with a resident of a state, absent any indication that the contract was executed or performed there, is insufficient to justify the exercise of personal jurisdiction in that state." *Aldossari, supra*, at 259 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). Therefore, the relationship between the controversy and forum cannot be incidental or unrelated to the underlying controversy that forms the basis for Plaintiffs' claims.

Plaintiffs allege no facts to support specific jurisdiction in this case. Both of Plaintiffs' Actions, including the Pennsylvania Action, only allege facts relevant to the question of general jurisdiction. The Pennsylvania Action alleges that Walmart "regularly conducted business in the Commonwealth of Pennsylvania, . . . ." *see* Exhibit "A" at ¶15. Plaintiffs' Delaware Action provides no further elucidation about specific jurisdiction in Pennsylvania. Exhibit "B" at ¶14. Significantly, Plaintiffs do not claim that the Plaintiffs acquired the Product from Walmart in Pennsylvania or sustained injuries in Pennsylvania. Aside from their place of residence, which is Maryland, Plaintiffs state no factual allegations about where the underlying events took place. Thus, there is no perceptible connection between Walmart's actions in Pennsylvania and Plaintiffs' claims. See *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, -- U.S. --, 141 S. Ct. 1017, 1025 (2021) (noting that for specific personal jurisdiction to attach, "there must be 'an affiliation between the forum and the underlying

controversy'") (*quoting Bristol-Myers*, *supra*). Without such a connection, there can be no basis for the exercise of specific personal jurisdiction over the claims against Walmart in this case.

The facts in this case are virtually identical to *Bristol-Meyers*. It involves a claim brought by an out of state plaintiff concerning a product completely developed and marketed outside of the forum state. Although United States Supreme Court and Third Circuit precedent is binding on this district court, the facts are also distinguishable from Pennsylvania state court opinions that require significant contacts with the forum state to establish specific jurisdiction. *See* e.g., *Hammons v. Ethicon*, Inc., 240 A.3d 537, 548, (Pa. Super. 2020) (facts "establish[ed] an affiliation" between Pennsylvania and plaintiff's cause of action against foreign corporation for defective design of medical device, which included manufacture of critical component part in Pennsylvania and consultation with Pennsylvania physician regarding development, testing, and marketing of device). Like federal courts sitting in the Third Circuit, Pennsylvania courts do not apply specific jurisdiction simply because a defendant has contacts with Pennsylvania that are "minimal and generally irrelevant to the litigation." *Hammons, supra* at 562. Third Circuit decisions applying the Pennsylvania long arm statute consistently require a "substantial connection" to establish specific jurisdiction. *Aldossari, supra*, 49 F.4th 236, 258.

In this case, Plaintiffs fail to plead facts that suggest even minimal contacts with the forum state that are relevant to this litigation, no less a substantial connection. The Pennsylvania Action appears to be wholly unrelated to Walmart's activities in the Commonwealth of Pennsylvania. As such, since no specific personal jurisdiction exists within the Commonwealth of Pennsylvania, Walmart respectfully requests that this court dismiss Walmart under Federal Rule of Civil Procedure R. 12(b)(2).

**B.  In The Alternative, The Matter Should Be Transferred To An Appropriate Forum.**

Because this case was removed from state court, the removal statute, 28 U.S.C. § 1441(a), controls the venue issue. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66, 73 S. Ct. 900, 97 L. Ed. 1331 (1953) (finding that section 1391 applies only to actions initially brought in federal court, not to actions that are filed in state court and subsequently removed to federal court); 28 U.S.C. § 1390(c) (clarifying that the general venue provisions stated in section 1391 "shall not determine the district court to which a civil action pending in a state court may be removed"). *Reightler v. Monmouth Bioproducts, LLC,* 2014 U.S. Dist. LEXIS 75010, *5-6 (MD Pa. June 3, 2014). Therefore, since venue is technically proper for the purposes of Walmart's removal, it should be transferred to another federal district pursuant to under 28 U.S.C. § 1404(a) (hereinafter "section 1404(a)") rather than the general venue provisions. *Id.*

While venue may be proper under the removal statute, this court has still evaluated venue in the context of specific jurisdiction, or whether the action arose out of any contacts with the Eastern District of Pennsylvania. *Nadzam*, *supra*, 2020 U.S. Dist. LEXIS 241216, *7, 2020 WL 7640929. In *Nadzam*, this court transferred a case from the Eastern District of Pennsylvania where contacts were lacking. *Id.* Here, this Complaint brought by Maryland residents in both Pennsylvania and Delaware fails to establish any connection with this District, or the Courts of Common Pleas that comprise this District. Therefore, in the event that this court is not inclined to dismiss the Pennsylvania Action, then transfer to a more appropriate District Court with general or specific jurisdiction is proper.

The Third Circuit Court of Appeals articulated several factors for a district court to consider in determining whether to transfer a case, including both "private" and "public" interest factors. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879, (3rd. Cir. 1995)  The relevant "private interest" factors include: (1) each party's forum preference; (2) where the claims arose; (3) the convenience of the parties as indicated by their relative physical and financial consideration; (4) the convenience of the

9

witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (5) the location of the books and records. The private interests have included: plaintiff's forum preference as manifested in the original choice. *Id. See also*, *Reightler, supra*, 2014 U.S. Dist. LEXIS 75010, *6-8; *Graphics Props. Holdings, Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d 320, 325 (D. Del. 2013).  Here, Plaintiffs' Delaware Action states a forum preference in a jurisdiction with general jurisdiction over Walmart.

The "public interest" factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) administrative difficulties in the two fora due to court congestion; (4) the local interest in deciding local controversies; (5) public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law. *Graphics Props. Holdings, Inc., supra*, 964 F. Supp. 2d 320, 325 (citing *Jumara, supra,* 55 F.3d 873, 879-80).

Weighing all of these factors, it appears as though they weigh heavily in favor of District Courts in Delaware or Maryland. Plaintiffs have already brought the Delaware Action thereby acknowledging a preference for a forum that has general jurisdiction over Walmart, and which appears to be closer to the relevant events. Plaintiffs allege that they are Maryland residents and both Delaware and their own state are geographically more convenient, and likely closer to the medical providers and proof relevant to this claim. If the Pennsylvania Action is not dismissed outright, which would not affect the pending Delaware Action, then there is no reason why this case cannot be transferred to another District Court of proper jurisdiction, including District Courts in Delaware or Maryland, since complete diversity would still exist among the proper parties.

### III. CONCLUSION

Walmart respectfully requests that this court outright dismiss Plaintiffs' Pennsylvania Action pursuant to R. 12(b)(2) due to the lack of personal jurisdiction, general or specific, over Walmart and

the remaining Defendants. Plaintiffs have already elected an alternative forum in Delaware where general jurisdiction against Walmart exists, so a dismissal will not work prejudice to the claims. Should this Court be unwilling to dismiss the action, Walmart respectfully requests that this Court transfer the matter to the United States District Court of Maryland, Northern Division, where Plaintiffs reside and are citizens; or the District Court of Delaware where there is general jurisdiction against Walmart.

Respectfully submitted,

McDonnell & Associates, PC

Dated: November 4, 2022

*/s/ Sean K. Ruckenstein*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
Email: pmcdonnell@mcda-law.com
Sean K. Ruckenstein, Esquire
Attorney I.D. No. 328701
Email: sruckenstein@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Attorneys for Walmart Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor, <br> 1915 N. Fulton Avenue <br> Baltimore, MD 21217 <br> and <br> 929 Abbott Court <br> Baltimore, MD 21202, Respectively <br><br>       Plaintiffs, <br>  v. <br><br> THE BOPPY COMPANY, LLC <br> 350 Indiana Street, Suite 800 <br> Golden, CO 80401 <br> and <br> WALMART INC. <br> 702 S. W 8th Street <br> Bentonville, AR 72716 <br> and <br> ARTSANA U.S.A., INC. d/b/a CHICCO <br> 1826 William Penn Way <br> Lancaster, PA 17601 <br> and <br> ARTSANA S.P.A. d/b/a ARTSANA GROUP <br> Via Saldarini Catelli 1 <br> Grandate, 22070 Italy <br> et al. <br><br>       Defendants. | CIVIL ACTION <br><br> CASE NO. 2:22-cv-04341 <br><br> JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

  I, Sean K. Ruckenstein, Esquire, hereby certify that on this date, a true and correct copy of this Motion to Dismiss was filed electronically with the Court and is available for viewing and downloading from the Court's Electronic Case Filing System by the following users:

<div align="center">

Shanin Specter, Esquire
Michael A. Trunk, Esquire
Aaron L. Dunbar, Esquire
**KLINE AND SPECTER, PC**
1525 Locust Street
Philadelphia, PA 19102
*Attorneys for Plaintiffs*

</div>

Thomas A. Kuzmick, Esquire
Mary Ann Capriotti, Esquire
**RAWLE & HENDERSON, LLP**
The Widener Building
One South Penn Square
Philadelphia, PA 19107
*Attorneys for Defendant Artsana U.S.A. d/b/a Chicco*

**MCDONNELL & ASSOCIATES, P.C.**

Dated: November 4, 2022           By: /s/ *Sean K. Ruckenstein*
                                  Sean K. Ruckenstein, Esquire
                                  *Attorneys for Walmart Inc.*