**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ZALEIPH WOOTEN and TAWANA PATINA
REID, Individually and as Co-Administrators of
the Estate of Z.W., Jr., a Deceased Minor,

     Plaintiffs,                                  CIVIL ACTION

vs.                                          CASE NO.: 2:22-cv-04341

THE BOPPY COMPANY, LLC, WALMART
INC., ARTSANA U.S.A., INC. d/b/a CHICCO
and ARTSANA S.P.A. d/b/a ARTSANA GROUP,
et al.,

     Defendants.

_____

**DEFENDANT THE BOPPY COMPANY, LLC'S MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION, IMPROPER VENUE, *FORUM NON CONVENIENS* AND
<u>FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>**

     Defendant The Boppy Company, LLC ("Boppy"), moves to dismiss all claims against it

for: (1) lack of personal jurisdiction pursuant to Rule 12(b)(2); (2) improper venue pursuant to

Rule 12(b)(3); and, (3) *forum non conveniens*.  In the alternative, Boppy moves pursuant to Rule

12(b)(6) to dismiss Counts II, IX, X, and Plaintiffs' claims for punitive damages, or, pursuant to

Rule 12(e), for a more definite statement regarding the same.  In support, Boppy relies upon the

accompanying memorandum of law and affidavit, which are incorporated herein by reference.

     Respectfully submitted,

     RAWLE & HENDERSON, LLP

     By:  _/s/ Thomas Kuzmick_
     Thomas Kuzmick
     Mary Ann Capriotti
     *Attorney for Defendant The Boppy Company LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ZALEIPH WOOTEN and TAWANA PATINA
REID, Individually and as Co-Administrators of
the Estate of Z.W., Jr., a Deceased Minor,

       Plaintiffs,                                CIVIL ACTION

vs.                                       CASE NO.: 2:22-cv-04341

THE BOPPY COMPANY, LLC, WALMART
INC., ARTSANA U.S.A., INC. d/b/a CHICCO
and ARTSANA S.P.A. d/b/a ARTSANA GROUP,
et al.,

       Defendants.
_____

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT THE BOPPY COMPANY, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, *FORUM NON CONVENIENS*, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

Defendant, The Boppy Company, LLC ("Boppy"), moves to dismiss all claims against it pursuant to Rule 12(b)(2) because this Court lacks personal jurisdiction over Boppy, a Colorado company with its principal place of business in Colorado, in connection with claims brought by Plaintiffs, who are Maryland residents, for purported conduct and injuries, all of which occurred outside of Pennsylvania.  Boppy also moves to dismiss the Complaint pursuant to Rule 12(b)(3) and the *forum non conveniens* doctrine because Plaintiffs brought this action in an improper venue.

In the alternative, Boppy moves to dismiss Counts II, IV, and X, and Plaintiffs' claims for punitive damages pursuant to Rule 12(b)(6).

Boppy respectfully requests oral argument.  *See* Policies and Procedures, at II.B.3.

## I.  <u>BACKGROUND</u>

On or about October 7, 2022, Plaintiffs Zaleiph Wooten and Tawana Patina Reid (collectively "Plaintiffs") commenced this products liability action by filing a complaint in the Court of Common Pleas for Philadelphia County, Pennsylvania, Case ID 221000594.  The Complaint alleges that all defendants—Boppy, Artsana U.S.A., Inc. d/b/a Chicco ("Artsana U.S.A."), Artsana S.p.A. d/b/a Artsana Group ("Artsana S.p.A.), and Walmart, Inc. ("Walmart") (collectively referred to as "Defendants")—manufactured, designed, marketed, and sold the Boppy Original Newborn Lounger (the "Boppy Newborn Lounger").  *See* [ECF No. 1-4, Complaint, at ¶¶ 9-15.].  The Complaint alleges that the Boppy Newborn Lounger is defective and caused the death of the decedent, Z.W., Jr.  *See id.* at ¶¶ 19-33.  The Complaint asserts eleven (11) counts against Defendants based on their alleged manufacture, design, marketing and sale of the Boppy Newborn Lounger.  *See id.* at ¶¶ 36-156.

As alleged in the Complaint, Plaintiffs are residents of Maryland.  *See id.* at ¶¶ 1-4, 159. Plaintiffs did not purchase the Boppy Newborn Lounger, but they received it as a gift through a baby-registry with Walmart.  *See id.* at ¶ 19.  Plaintiffs allege that, on October 7, 2020, Z.W., Jr. died after being placed on the Boppy Newborn Lounger.  *See id.* at ¶ 19.  Z.W., Jr.'s estate was subsequently administered in Maryland.  *See id.* at ¶¶ 2, 29-31.  Plaintiffs do not allege they have any connection with the Commonwealth.  Boppy is a Colorado Company with its principal place of business in Colorado.  *See id.* at ¶ 5.

On October 26, 2022, Artsana U.S.A. filed Preliminary Objections to Plaintiffs' Complaint in state court, asserting, among other things, that Plaintiffs cannot maintain any claims against it because Artsana U.S.A. did not design, manufacture, market, or sell the Boppy Newborn Lounger.

[ECF No. 1-6, Artsana U.S.A. Preliminary Objections, at ¶ 1.]  In support, Artsana U.S.A. provided

an affidavit from its Chief Executive Officer prepared in a prior action involving the same product.

[ECF No. 1-6, Artsana U.S.A. Preliminary Objections, Ex. B, at ¶¶ 4-9.]

On October 28, 2022, Walmart removed this action from the Philadelphia Court of

Common Pleas to the United States District Court for the Eastern District of Pennsylvania.  [ECF

No. 1.]  On November 7, 2022, Boppy filed its own Notice of Consent and response to Walmart's

Notice of Removal.  [ECF No. #.9]  In support, Boppy provided a sworn declaration from the Chief

Executive Officer of Artsana U.S.A., stating Artsana U.S.A. did not design, manufacture, market,

or sell the Boppy Newborn Lounger.  [ECF No. #1- Exhibit 1.]

Boppy now brings the instant motion.  As set forth below, the Court should dismiss all claims

against Boppy for lack of personal jurisdiction because the claims of Plaintiffs, who are Maryland

residents, do not arise out of, or relate to, Boppy's purported activities in the forum.  *See* Fed. R. Civ.

P. 12(b)(2).  The Court should also dismiss the Complaint for improper venue or on the basis of *forum*

*non conveniens* because no part of the events or omissions giving rise to the claim occurred in this

District.  *See* Fed. R. Civ. P. 12(b)(2). (b)(3).  In the alternative, the Court should dismiss Plaintiffs

fraud claims (Counts II and IV), claims of violation of the Pennsylvania Unfair Trade Practice and

Consumer Protection Law ("UTPCPL") (Count X), and claims for punitive damages for failure to

state a claim upon which may be granted, or alternatively, order Plaintiffs to file a more definitive

statement.  *See* Fed. R. Civ. P. 12(b)(6), (e).

## II.   <u>ARGUMENT</u>

### A.   **The Court Lacks Personal Jurisdiction Over Boppy.**

It is well established that "[p]ersonal jurisdiction is an essential element of district court

jurisdiction, without which the court is powerless to proceed to an adjudication."  *Ruhrgas Ag v.*

*Marathon Oil Co.,* 526 U.S. 574, 577 (1999).  When a defendant challenges the court's personal jurisdiction, the plaintiff bears the burden "to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).  The plaintiff carriers the burden to prove personal jurisdiction using "affidavits or other competent evidence." *Metcalfe v. Renaissance Marine, Inc.,* 566 F.3d 324, 330 (3d Cir. 2009).  The plaintiff cannot rely on a complaint's "bare pleadings alone" to withstand a motion to dismiss for lack of personal jurisdiction, but, instead, must respond with "actual proofs, not mere allegations." *Time Share Vacation Club v. All Resorts, Ltd.,* 735 F.2d 61, 66 (3d. Cir. 1984).

Pennsylvania's long-arm statute gives its courts "jurisdiction over out-of-state defendants to the maximum extent allowed by the U.S. Constitution." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (citing 42 Pa. Cons. Stat. § 5322(b) and *Kubik v. Letteri*, 614 A.2d 1110, 1113–14 (Pa. 1992)).  Personal jurisdiction can be either general jurisdiction or specific jurisdiction.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  As set forth more fully below, neither exists in this case.

**1.      Boppy is not subject to general personal jurisdiction.**

This Court cannot exercise general jurisdiction over Boppy because Boppy is not at home in Pennsylvania.  A corporate defendant, absent exceptional circumstances, is only subject to general jurisdiction where its "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (internal citations omitted).  "[A] corporation that operates in many places can scarcely be deemed at home in all of them."  *BNSF Railway Co. v. Tyrell*, 137 S. Ct. 1549, 1554 (2017) (quoting *Daimler*, 571 U.S. at 139 n.20) (internal quotations omitted).  As a result, the paradigm

bases for general jurisdiction is a corporation's "place of incorporation and principal place of business." *Daimler*, 571 at 137.

Here, Boppy is organized under the laws of Colorado, and its principal place of business is located in Colorado. Exhibit 1, Declaration of Laurie Gerstenkorn ("Gerstenkorn Decl."), at ¶¶ 5-6; [ECF No. 1-4, Complaint, at ¶ 5.]. Plaintiffs' vague and unsupported allegations that Boppy engages in continuous and systematic conduct in Pennsylvania are insufficient to support an exceptional case justifying deviation from the paradigm bases for general jurisdiction. *See* [ECF No. 1-4, Complaint, at ¶ 15.]; *Daimler*, 571 U.S. at 137-38 (rejecting argument that defendant is subject to "general jurisdiction in every [s]tate in which a corporation "engages in a substantial, continuous, and systematic course of business") (internal citations omitted); *Danby Products, Inc. v. New Widetech Indus. Co., Ltd.*, CV 22-0155, 2022 WL 16540073, at *4 (E.D. Pa. Oct. 28, 2022) ("[T]he mere fact that an out-of-state entity transacts business in Pennsylvania, even *substantial* business, is insufficient to establish that the entity is 'at home' in Pennsylvania."). Therefore, this Court lacks general jurisdiction over Boppy.

### 2.    This Court cannot exercise specific personal jurisdiction over Boppy.

In order to establish the existence of specific personal jurisdiction, a plaintiff must establish three elements: (1) the defendant "purposefully directed [its] activities at the forum"; (2) the plaintiff's claims "must arise out or relate to" the defendant's activities in the forum; and, (3) the exercise of personal jurisdiction must not "offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316-17 (internal citations omitted). As discussed below, Plaintiffs have failed to plead any facts to support these allegations.

### a.   Plaintiffs' claims do not arise out of or relate to Boppy's forum contacts.

While Plaintiffs fail to establish any of the requirements for specific jurisdiction, the allegations in the Complaint foreclose any finding that Plaintiffs' claims arise out of or relate to any of Boppy's purported contacts with Pennsylvania.  To satisfy this element of the personal jurisdiction inquiry, Plaintiffs must prove "there [is] an affiliation between the forum State and the underlying case or controversy, such as an activity or occurrence that takes place in the forum State and is, therefore, subject to the state's regulation."  *See Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542, 548 (Pa. 2021) (citing *Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017, 1031 (2021)).  "This is reflected in Pennsylvania's long-arm statute, which gives courts personal jurisdiction over defendants or their agents 'as to a cause of action or other matter *arising*' from specified particular types of contact with Pennsylvania."  *Fulano v. Fanjul Corp.*, 236 A.3d 1, 14 (Pa. Super. Ct. 2020) (quoting 42 Pa.C.S. § 5322(c) (emphasis in original).  When "a connection between the forum and the specific claims at issue" is missing, specific jurisdiction does not exist.  *Bristol-Myers Squibb Co. v. Super. Court of Cal., San Francisco Cty*, 137 S. Ct. 1773, 1781 (2017).

That requisite connection is lacking here.  The pertinent facts giving rise to Plaintiffs' claims are not in dispute.  Plaintiffs are residents of Maryland, the alleged incident occurred in Maryland, and the decedent died in Maryland.  *See* [ECF No. 1-4, Complaint, at ¶¶ 1-4, 29-31, 159.]  Plaintiffs did not purchase the product in Pennsylvania but received the product as a baby-shower gift through a Walmart registry.  *See id.* at ¶ 19.  Boppy did not design or manufacture the Boppy Original Newborn Lounger in Pennsylvania.  Ex. 1, Gerstenkorn Decl., at ¶¶ 12-13.  Thus, Plaintiffs' claims do not have any connection with the forum—much less any connection with Boppy's purported activities in the forum.

The U.S. Supreme Court's decision in *Bristol-Myers* is dispositive.  In that case, nonresident plaintiffs brought claims in California state court against the manufacturer of a nationally marketed prescription drug called Plavix.  The manufacturer "did not develop Plavix in California, did not create a marketing strategy for Plavix in California, and did not manufacture, label, package, or work on the regulatory approval of the product in California."  137 S. Ct. at 1778.  The nonresident plaintiffs were not prescribed Plavix in California, did not buy Plavix in California, did not use or ingest Plavix in California, and sustained no injuries from Plavix in California.  *Id.*  The Court held that the exercise of personal jurisdiction was improper because "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue," explaining that "[t]he mere fact that *other* plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims."  *Id.* at 1781 (emphasis in original).  The Supreme Court, in a subsequent case, explained that the nonresident plaintiffs in *Bristol-Myers* "were *engaged in forum-shopping*—suing in California because it was thought plaintiff-friendly, even though their cases had no tie to the State." *Ford Motor.*, 141 S. Ct. at 1031.

This is precisely the situation here.  The nonresident Plaintiffs are engaged in overt forum-shopping, suing in Pennsylvania state court because they think it is plaintiff-friendly, even though their case has no tie to the Commonwealth.  The mere fact that *other* Pennsylvania residents may have purchased Boppy products does not allow the Court to assert specific jurisdiction over Plaintiffs' unconnected claims.  *See Bristol-Myers*, 137 S. Ct. at 1781; *see also Goodyear*, 564 U.S. at 919 (holding state courts lacked specific jurisdiction over dispute between state residents and foreign manufacturers involving an accident that occurred in France).

Plaintiffs may attempt to rely on the U.S. Supreme Court's decision in *Ford Motor*, as some Plaintiffs have in other cases, but that decision only confirms the lack of specific jurisdiction in this case. In *Ford Motor*, state residents brought claims against a manufacturer after suffering injuries in accidents in their respective states. The Court held the exercise of specific personal jurisdiction was proper because "the plaintiffs are residents of the forum States[,] [t]hey used the allegedly defective products in the forum States[,] [a]nd suffered injuries when those products malfunctioned in the forum State." *Id.* at 1031. The opposite is true here: Plaintiffs are *not* residents of Pennsylvania, Plaintiffs did *not* use the allegedly defective product in Pennsylvania, Plaintiffs did *not* sustain injuries in Pennsylvania, and the allegedly defective product did *not* malfunction in Pennsylvania. *Ford Motor*, therefore, highlights the precise reason why personal jurisdiction is lacking in this case.[1]

On the heels of *Ford Motor*, the Pennsylvania Supreme Court in *Mallory* analyzed personal jurisdiction in a case brought by a Virginia plaintiff against a Virginia railway company alleging injuries in Virginia and Ohio. *See* 266 A.3d at 566. The Court held "[i]t is obvious that no specific jurisdiction lies in Pennsylvania as there is *no connection whatsoever* between the case and the forum State." *Id.* (emphasis added). Similar to *Mallory*, Plaintiffs' claims do not in any way relate to Boppy's *de minimis* Pennsylvania contacts.

Plaintiffs may attempt to establish jurisdiction in Pennsylvania by aggregating sales of other products unrelated to their claims. However, this is a non-starter. As the U.S. Supreme

---

[1] *Ford Motor* is simply a reflection of the rule that "[i]f a car manufacturer makes substantial efforts to sell vehicles in States A and B (and other States), and a defect in a vehicle first sold in State A causes injuries in an accident in State B, the manufacturer can be sued in State B." *Id.* at 1033 (Alito, J., concurring). Applying that formula to the instant case, an alleged defect in a product first sold in State A (Maryland) caused injuries in an accident also in State A (Maryland). The manufacturer (Boppy), therefore, cannot be sued in State B (Pennsylvania).

Court has repeatedly explained over the last 70 years, "even regularly occurring sales of a product in a State do not justify the exercise of [specific] jurisdiction over a claim *unrelated to those sales*." *See Goodyear*, 564 U.S. at 931 n.6 (emphasis added); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 418 (1984) (holding "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of *in personam* jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions"); *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945) (holding a corporation's "activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity" where such activity falls short of establishing general jurisdiction). In other words, product sales in the State are insufficient to warrant the exercise of personal jurisdiction where the underlying facts related to the specific claim do not arise out of or relate to those in-state sales, which is the case here.

Further, the exercise of specific jurisdiction over Plaintiffs' claims unrelated to Pennsylvania simply because other Boppy products were sold in Pennsylvania would eviscerate the very doctrine of case-linked jurisdiction. Indeed, the U.S. Supreme Court rejected this argument because it would transform it into a "sprawling view of general jurisdiction[,]" making "any substantial manufacturer or seller of goods . . . amenable to suit[] on any claim for relief[] wherever its products are distributed." *See Goodyear*, 564 U.S. at 929. Pennsylvania courts have echoed this reasoning in rejecting similar arguments because it "would effectively subject defendants to specific personal jurisdiction in any forum in which it distributes a product, regardless of there being any connection between the defendant's forum contacts and the plaintiff's claims." *See Fulano*, 236 A.3d at 15.

Accordingly, Plaintiffs failed to plead sufficient factual allegations to establish their claims arise out of, or relate to, Boppy's forum activities to warrant the exercise of specific jurisdiction.

### b. Boppy did not purposefully avail itself of the forum.

Even if Plaintiffs could establish their claims arise out of or relate to Boppy's activities in Pennsylvania—which they definitively cannot—this Court still lacks personal jurisdiction over Boppy because Boppy did not "purposefully avail[] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See Asahi Metal Indus. Co., Ltd. v. Super. Court of Cal.,* 480 U.S. 102, 109 (1987).

As mentioned, Boppy is located in Colorado. Ex. 1, Gerstenkorn Decl., at ¶¶ 5-6; [ECF No. 1-4, Complaint, at ¶ 5.]. Boppy has no offices, employees, or retail locations in Pennsylvania. Ex. 1, Gerstenkorn Decl., at ¶¶ 10-11, 18. Boppy did not design or manufacture any subject product in Pennsylvania. *Id.* at ¶¶ 12-13. Boppy did not specifically target Pennsylvania through advertising, marketing, or sales of the subject product. *Id.* at ¶¶ 15-17. While Boppy engaged in passive nationwide sales to larger nationwide retailers like Walmart, Boppy "did not control where those retailers ultimately sold" the Boppy Newborn Lounger. *See id.* at ¶¶ 14-15. These contacts are insufficient to establish purposeful availment. *See D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 99 (3d Cir. 2009) (holding targeting "United States market generally" insufficient); *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 454 (3d Cir. 2003) (holding operation of website that did not specifically target the forum insufficient); *see also O'Connor*, 496 F.3d at 317 (observing "what is necessary is a deliberate targeting of the forum" and the "unilateral activity of those who claim some relationship with a nonresident defendant" is insufficient).

Furthermore, the Third Circuit has rejected the "stream-of-commerce" theory to support the exercise of jurisdiction. "The stream-of-commerce theory contends, essentially, that specific personal jurisdiction exists over a non-resident defendant when that defendant 'has injected its goods into the forum state indirectly via the so-called stream of commerce,' rendering it foreseeable that one of the defendant's goods could cause injury in the forum state." *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (quoting *D'Jamoos*, 566 F.3d at 104-05). While Plaintiffs, as discussed, did not even allege they suffered an injury in the forum, Boppy's contacts with Pennsylvania would nevertheless be insufficient because nationwide sales do not, without more, subject Boppy to jurisdiction of this Court. *See id.* at 780 (rejecting stream-of-commerce theory and finding plaintiff failed to prove purposeful availment).

To the extent Plaintiffs attempt to impute the forum activities of Artsana U.S.A., which has its principal place of business in Pennsylvania, to Boppy, that argument is also meritless. First, Artsana U.S.A. had no involvement with the design, manufacture, marketing, or sale of the subject product. [ECF No. #1-1.] In addition, contacts other parties may have with the forum are irrelevant, and Plaintiffs fail to plead any facts to establish any agency relationship between Artsana U.S.A. and Boppy under Pennsylvania law. Boppy and Artsana U.S.A. are distinct corporate entities. There is simply no allegation or evidence that Boppy exercised any control over Artsana U.S.A., much less extensive control that warrants imputation of contacts for purposes of personal jurisdiction. *See Botwinick v. Credit Exch., Inc.*, 213 A.2d 349, 354 (Pa. 1965); *Fulano*, 236 A.3d at 20; *Barber v. Pittsburgh Corning Corp.*, 464 A.2d 323, 331 (Pa. Super. Ct. 1983); *Britax Child Safety, Inc. v. Nuna Int'l B.V.*, 321 F. Supp. 3d 546, 555 (E.D. Pa. 2018). Any attempt to establish minimum contacts via an agency theory inevitably fails.

**c.   Jurisdiction is not consistent with fair play and substantial justice.**

The exercise of jurisdiction over Boppy also does not "comport[] with traditional notions of fair play and substantial justice," *i.e.*, the defendant "should reasonably anticipate being haled into court" in Pennsylvania. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980). The factors for evaluating "fair play and substantial justice" include: "(1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies." *Kubik v. Letteri*, 614 A.2d 1110, 1114 (Pa. 1992) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 485-86 (1985)). None of these factors support the exercise of jurisdiction because Pennsylvania has no interest in adjudicating this dispute between Maryland residents and a Colorado company over an incident that occurred in Maryland. Therefore, the exercise of personal jurisdiction would be inconsistent with notions of fair play and substantial justice and would undermine those very principles.

Because this Court lacks general and specific personal jurisdiction over Boppy, the Court should dismiss all claims against Boppy.

## B.      The Court Should Dismiss the Complaint For Improper Venue.

If the Court exercises personal jurisdiction over Boppy, the Court should nevertheless dismiss the Complaint because Plaintiffs brought this action in an improper forum. *See* Fed. R. Civ. P. 12(b)(3). For the reasons set forth above, no "part of the events or omissions giving rise to the claim" occurred in this District. *See* 28 U.S.C. § 1391(2).[2] The purported events or omissions

---

[2] Section 1391(1) does not apply because Defendants do not all reside in Pennsylvania. Section 1391(3) also does not apply because Plaintiffs could have properly brought this action in Colorado or Maryland.

giving rise to Plaintiffs' claims occurred in Colorado and Maryland.  The Court should, as a result, dismiss the Complaint for improper venue.

**C.     Alternatively, the Court Should Dismiss the Complaint Based on *Forum Non Conveniens*.**

In the event the Court concludes venue is proper under the statute, the Court should still dismiss this action based on the doctrine of *forum non conveniens*.  Under the doctrine, "a federal district court may dismiss an action on the ground that a court abroad is the more appropriate and convenient forum for adjudicating the controversy."  *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 425 (2007).  "A court may exercise this power when litigating the case in the chosen forum would either oppress a defendant out of all proportion to plaintiff's convenience or cause the court administrative and legal problems."  *Trotter v. 7R Holdings LLC*, 873 F.3d 435, 439 (3d Cir. 2017) (internal quotations and citations omitted).  In analyzing *forum non conveniens* motions, the court must "determine whether an adequate alternative forum can entertain the case," and, if so, "determine the appropriate amount of deference to be given the plaintiff's choice of forum" and "balance the relevant public and private interest factors."  *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 189–190 (3d Cir. 2008).

Here, Plaintiffs could have filed this action in an adequate alternate forum, Colorado—Boppy's state of organization and the location of Boppy's principal place of business.  The relevant private and public factors all weigh in favor of dismissal.  The relevant private interests— "access to proof, availability of process, and other practical issues"—support dismissal because none of the evidence or witnesses material to this action are located in this forum.  *See* [ECF No. 1-4, Complaint, at ¶¶ 1-5, 29-31.]; Ex. 1, Gerstenkorn Decl., at ¶¶ 12-13; *Trotter*, 873 F.3d at 439. With respect to the relevant public interests, it would be inequitable to burden this Court, the potential jurors, and Pennsylvania with this lawsuit when they have no interest in this dispute

between a Colorado company and Maryland residents over an incident occurring in Maryland.  *See Trotter*, 873 F.3d at 439.  Further, Plaintiffs' chosen Pennsylvania forum "oppress[es] and vex[es]" Boppy "out of all proportion [Plaintiffs'] convenience," to the extent it is even convenient to them as Maryland residents.  *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 211 n.8 (3d Cir. 2016).

Therefore, the Court should dismiss the action based on *forum non conveniens.*

### D.   Alternatively, the Court Should Dismiss Counts II, VI, and X, and All Claims for Punitive Damages Because Plaintiffs Failed to State a Claim Upon Which Relief Can be Granted.

The Court, in the alternative, should dismiss Counts II, VI, and X as well as all claims for punitive damages for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  To avoid dismissal under Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face" in order to "nudge[] their claims across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, minimum pleading standards "require[] more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  Instead, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555, 570.

Although "a court must accept as true all of the allegations contained in a complaint," that principle is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  The Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.

Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). As discussed below, Plaintiffs' allegations are insufficient as a matter of law.

### 1.      Counts II and VI – Fraudulent Conduct.

The Court should dismiss Count II (Fraudulent Concealment) and Count IV (Common Law Fraud) because Plaintiffs have failed to plead these claims with the requisite particularity. *See* Fed. R. Civ. P. 9(b); [ECF No. 1-4, Complaint, at ¶¶ 40-50, 78-92.]. "To satisfy this heightened standard, the plaintiff must plead or allege the date, time, and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Plaintiffs do not support their allegations of fraudulent conduct with specific and particularized factual allegations in accordance with Rule 9(b), but, instead assert the same general allegations against all Defendants. The Court, therefore, should dismiss these claims because Plaintiffs failed to plead these causes of action with the requisite particularity.

### 2.      Count X – Violations of the UTPCPL

The Court should also dismiss Plaintiffs' claim for alleged violations of the UTPCPL, 73 Pa. Stat. § 201-1, because Plaintiffs are not Pennsylvania residents and did not suffer any loss as a result of Boppy's purported business practices in the Commonwealth. As an initial matter, Plaintiffs do not cite any specific provision of the UTPCPL that Boppy purportedly violated, but, instead, leave Boppy and this Court to speculate as to the basis for the relief they seek. *See* [ECF No. 1-4, Complaint, at ¶¶ 132-51.].

Regardless, the UTPCPL protects consumers *in Pennsylvania* from unfair or deceptive business practices. *See Pirozzi v. Penske Olds-Cadillac-GMC, Inc.*, 605 A.2d 373, 375 (Pa. Super. 1992). The purportedly unfair or deceptive practice must involve trade that "directly or indirectly affect[s] the people of this Commonwealth." *See* 73 Pa. Stat. § 201-2(3). Plaintiffs' loss must occur "as a result" of this conduct in Pennsylvania, and Plaintiffs "must prove justifiable reliance" on the unlawful conduct. *See Seldon v. Home Loan Services, Inc.*, 647 F. Supp. 2d 451, 465 (E.D. Pa. 2009). Plaintiffs have not, and cannot, satisfy these requirements because, as residents of Maryland, neither Plaintiffs nor their claims have any connection to Pennsylvania. Instead, Plaintiffs attempt to punish Boppy under the UTPCPL for purportedly unlawful conduct occurring and causing injury outside of Pennsylvania to consumers residing outside of Pennsylvania.

Thus, Plaintiffs failed to state a claim for violations of the UTPCPL, and the Court, therefore, should dismiss Count X.

### 3. Claims for Punitive Damages

In Count XI and the *ad damnum* clauses of Plaintiffs' Complaint, Plaintiffs seek punitive damages. In order to sustain an award for punitive damages, Pennsylvania law requires that the defendant must have acted with outrageous conduct, that is, with bad motive or reckless indifference to the interests of others. *See SHV Coal, Inc. v. Continental Grain Co.*, 587 A.2d 702, 704 (Pa. 1991). Punitive damages "are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct." *Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005). Thus, a plaintiff seeking punitive damages must demonstrate that a defendant had both a subjective appreciation of the risk of harm and that he acted or failed to act in conscious disregard of that risk. *See id.* at 772. "There must be some evidence that the person actually realized the risk and acted in conscious disregard or indifference to it." *Burke v. Maassen*, 904 F.2d 178, 182

(3d Cir. 1990).  Punitive damages "are not justified where the defendant's mental state rises to no more than gross negligence."  *SHV Coal*, 587 A.2d at 705.

In *Smith v. Brown*, 423 A.2d 743, 745-46 (Pa. Super. Ct.1980), the Pennsylvania Superior Court upheld the lower court's decision to strike a claim for punitive damages because the plaintiff failed to plead any facts that indicated that the defendant's conduct was outrageous.  The same is true here.  Plaintiffs assert one count against all the Defendants, and their allegations against all the Defendants are the same.  Plaintiffs failed to allege any specific acts or omissions committed by Boppy that could rise to the level of outrageousness or meet the standard for punitive damages. Plaintiffs threadbare recital of "outrageous" conduct by Defendants *generally* do not support that Boppy's actions or inactions *specifically* were so outrageous as to warrant punitive damages. Thus, even when read in the light most favorable to Plaintiffs, their claims against Boppy for punitive damages should also be dismissed under Pennsylvania law.

Accordingly, the Court should dismiss Counts II, IX, and X, and Plaintiffs' claims for punitive damages.  In the alternative, the Court, pursuant to Federal Rule of Civil Procedure 12(e), should order Plaintiffs to file a more definite statement regarding Counts II and IX as well as their claims for punitive damages claims because the conclusory allegations fail to assert any specific acts or omission committed by Boppy constituted fraudulent or outrageous conduct.

# IV.   <u>CONCLUSION</u>

In light of the foregoing, Boppy respectfully requests this Honorable Court enter an Order dismissing all claims against it for lack of personal jurisdiction pursuant to Rule 12(b)(2), improper venue pursuant to Rule 12(b)(3), and/or the doctrine of *forum non conveniens*.  In the alternative, Boppy respectfully requests the Court enter an Order dismissing Counts II, IX, and X and Plaintiffs' punitive damages claims pursuant to Rule 12(b)(6), or require Plaintiffs to file a more definite statement pursuant to Rule 12(e).  Proposed form of Order are attached.

Respectfully submitted,

RAWLE & HENDERSON, LLP

By:  _/s/ Thomas Kuzmick___
  Thomas Kuzmick, Esquire
  Mary Ann Capriotti, Esquire
  Attorneys for Defendant
  The Boppy Company, LLC

## CERTIFICATION PURSUANT TO RULE II.B.1.
## OF THE COURT'S POLICIES AND PROCEDURES

The undersigned counsel acknowledges the Court's requirement to confer with counsel for Plaintiffs regarding the substance of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) at least seven (7) days prior to filing the motion.  However, the undersigned counsel was not served with a copy of co-Defendant Walmart, Inc.'s Notice of Removal until October 31, 2022.  Because Defendant The Boppy Company, LLC's deadline to respond to the Complaint is November 7, 2022, the undersigned did not have the opportunity to confer with counsel for Plaintiffs regarding the substance of this motion within the time period required by the Court.  Nonetheless, the undersigned counsel contacted Plaintiffs' counsel on November 7, 2022 and will subsequently provide a supplemental certification to this Court regarding the same.

RAWLE & HENDERSON LLP

By:_____
Thomas A. Kuzmick, Esquire
Identification No. 37420
Mary Ann Capriotti, Esquire
Identification No.: 86589
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania  19107
Telephone: (215) 575-4200
Facsimile:  (215) 563-2583
tkuzmick@rawle.com
mcapriotti@rawle.com
*Attorneys for defendant,*
*The Boppy Company, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ZALEIPH WOOTEN and TAWANA PATINA
REID, Individually and as Co-Administrators of
the Estate of Z.W., Jr., a Deceased Minor,

     Plaintiffs,                                   CIVIL ACTION

vs.                                             CASE NO.: 2:22-cv-04341

THE BOPPY COMPANY, LLC, WALMART
INC., ARTSANA U.S.A., INC. d/b/a CHICCO
and ARTSANA S.P.A. d/b/a ARTSANA GROUP,
et al.,

     Defendants.
_____

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 7th day of November 2022, a copy of the foregoing was

filed electronically.  Notice of this filing will be sent to the following parties by operation of

the Court's E-Filing system:

**ATTORNEYS FOR PLAINTIFFS**
Michael A. Trunk, Esquire
Aaron L. Dunbar, Esquire
Kline & Specter, P.C.
1525 Locust Street - 19th Floor
Philadelphia, PA 19102

**ATTORNEYS FOR WALMART**
Patrick J. McDonnell, Esquire
Sean K. Ruckenstein, Esquire
McDonnell & Associates, P.C.
860 First Avenue, Suite 5B
King Of Prussia, PA 19406

RAWLE & HENDERSON LLP

By:_____
Thomas A. Kuzmick, Esquire
Identification No. 37420
Mary Ann Capriotti, Esquire
Identification No.: 86589
The Widener Building
One South Penn Square
Philadelphia, Pennsylvania  19107
Telephone: (215) 575-4200
Facsimile:  (215) 563-2583
tkuzmick@rawle.com
mcapriotti@rawle.com
*Attorneys for defendant,*
*The Boppy Company, LLC*