**KLINE & SPECTER, P.C.**
By:    Shanin Specter, Esquire
        Michael A. Trunk, Esquire
        Aaron L. Dunbar, Esquire
Attorney I.D. Nos.: 40928/83870/317773
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTSRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA, Individually and as Co-Administrators of the Estate of Z.W., Jr. a Deceased Minor, <br><br>           Plaintiffs, <br><br>    vs. <br><br> THE BOPPY COMPANY, LLC, WALMART INC., ARTSANA U.S.A., INC. d/b/a CHICCO and ARTSANA S.P.A. d/b/a ARTSANA GROUP, et al., <br><br>         Defendants. | 2:22-cv-004341 |

**PLAINTIFFS' MOTION TO REMAND**

This products liability action arises from the death of Z.W., an infant, who asphyxiated to death as a result of significant defects in the Boppy Original Newborn Lounger product and the careless conduct of all Defendants named herein. Plaintiffs filed suit in the Philadelphia County Court of Common Pleas on October 7, 2022 asserting claims against The Boppy Company, LLC ("Boppy"), Walmart, Inc. ("Walmart"), Artsana U.S.A., Inc. d/b/a Chicco ("Artsana U.S.A" or "Chicco"), Artsana S.P.A. d/b/a Artsana Group ("Artsana S.p.A."). Plaintiffs also sued various unknown entities and individuals involved in the design, manufacturing, and sale of the product at issue. While the parties are diverse under 28 U.S.C. § 1332, Artsana U.S.A. has at all relevant

times been headquartered in Lancaster, Pennsylvania. Thus, removal is improper under the forum-defendant rule set forth in 28 U.S.C. § 1441(b)(2).

Defendants Boppy and Walmart, Inc. have filed notices of removal asserting that Defendant Artsana U.S.A. should be ignored for purposes of assessing the propriety of removal under the doctrine of fraudulent joinder. Plaintiffs now file this Motion under 28 U.S.C. § 1447(c) to remand this matter to the Philadelphia County Court of Common Pleas. For the reasons set forth in Plaintiffs' accompanying brief, removal is improper for several reasons. First, not all defendants consented to joinder. Second, Boppy and Walmart have failed to meet their heavy burden of proving that Plaintiffs' claims against Artsana U.S.A. are "'wholly insubstantial and frivolous.'" The case should be remanded to the Philadelphia Court of Common Pleas where additional cases against Boppy, Artsana U.S.A., Artsana S.p.A., and other retailers who have sold their defective product currently are pending. Finally, Plaintiffs are entitled to fees and costs. In further support of this Motion, Plaintiffs incorporate by reference their accompanying Brief as if set forth in full herein.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant their Motion, remand this case to the Philadelphia Court of Common Pleas, assess fees and costs against Boppy and Walmart, and any other relief the Court deems just.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

_____

Shanin Specter, Esquire
Michael A. Trunk, Esquire
Aaron L. Dunbar, Esquire
*Attorneys for Plaintiffs*

Date:   November 23, 2022

**KLINE & SPECTER, P.C.**
By:     Shanin Specter, Esquire
        Michael A. Trunk, Esquire
        Aaron L. Dunbar, Esquire
Attorney I.D. Nos.: 40928/83870/317773
1525 Locust Street
Philadelphia, PA 19102
(215) 772-1000
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTSRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA, Individually and as Co-Administrators of the Estate of Z.W., Jr. a Deceased Minor,<br><br>        Plaintiffs,<br><br>    vs.<br><br>THE BOPPY COMPANY, LLC, WALMART INC., ARTSANA U.S.A., INC. d/b/a CHICCO and ARTSANA S.P.A. d/b/a ARTSANA GROUP, et al.,<br><br>        Defendants. | 2:22-cv-004341 |

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO REMAND

## I.     INTRODUCTION

Boppy and Walmart's removal notice contends that Plaintiffs fraudulently joined Artsana U.S.A. based on a single piece of evidence: an affidavit signed by Artsana U.S.A.'s chief executive claiming the Lancaster-based company had "no involvement" with the defective infant lounger product in this case. This affidavit is copied and pasted nearly verbatim from one used in a similar case pending in Pennsylvania state court from which Artsana U.S.A. seeks dismissal (but has not obtained it). Plaintiffs dispute the affidavit's contentions in both lawsuits. At all events, the affidavit does not suffice to meet the "heavy burden" of demonstrating fraudulent joinder.

For fraudulent joiner to apply, Boppy and Walmart must prove Plaintiffs' claims against Artsana U.S.A. are "wholly insubstantial and frivolous" and that Plaintiffs lack any good faith intention of prosecuting them. The Third Circuit has found this standard to be met on only three occasions in the Court's history. *See In re Briscoe*, 448 F.3d 201, 206 (3d Cir. 2006) (claims against non-diverse defendant were "clearly time-barred"). *Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009) (diversity was not at issue where the plaintiff had fraudulently joined a bankrupt entity not amenable to suit); *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter*, 415 Fed. Appx. 432, 433 (3d Cir. 2011) (plaintiff's claim against non-diverse defendant was subject to an "absolute litigation privilege").

To overcome this high bar, Boppy and Walmart cite to unreported cases where the court pierced the pleadings and evaluated evidence outside their four corners in assessing a claim of fraudulent joinder. But under all the relevant authorities, self-serving affidavits like the one on which Boppy and Walmart rely have been flatly rejected as a basis for finding fraudulent joinder because they inherently give rise to a dispute of fact. *See, e.g.*, *See Gaynor v. Marriott Hotel Servs., Inc.*, Civ. No. 13-3607, 2013 WL 4079652, at *5 (E.D. Pa. Aug. 13, 2013) ("[W]e cannot consider the facts asserted in Walsh's self-serving affidavit to be undisputed for purposes of assessing fraudulent joinder.")

Boppy and Walmart fail to meet the heavy burden of establishing fraudulent joinder for purposes of removal jurisdiction. Plaintiffs have every intention of pursuing their well-pled claims against Artsana U.S.A. along with the other Artsana entities. And Plaintiffs look forward to taking discovery on the assertions raised in Artsana U.S.A.'s CEO's affidavit and testing them through document productions and depositions. Plaintiffs should be able to proceed in their chosen forum of state court, where other cases featuring Boppy, Artsana U.S.A., Artsana S.p.A. are pending.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

This case concerns a dangerous and now-recalled product called the Boppy Original Newborn Lounger ("the subject lounger"). Plaintiff filed this case on October 7, 2022, in the Philadelphia County Court of Common Pleas. Plaintiffs allege that Defendants The Boppy Company LLC ("Boppy"), Walmart, Inc. ("Walmart"), Artsana U.S.A. d/b/a Chicco ("Artsana U.S.A."), and Artsana S.P.A. d/b/a Artsana Group ("Artsana S.P.A.") all knew or should have known that the design, shape, and makeup of the subject lounger caused, and increased the risk of causing, permanent and catastrophic injuries to the infants being placed within it. *See* Pls.' Compl. ¶¶ 23–26. Said injuries include suffocation, asphyxiation, hypoxia, anoxia, Sudden Infant Death Syndrome ("SIDS"), and death. *Id.* Despite knowing about these terrible risks, these Defendants continued to market, sell, advertise, and tout the subject lounger as safe. *Id.* ¶ 27. As a result of the defective nature of the product and Defendants' carelessness, Plaintiffs suffered the devastating loss of their infant son, Z.W. Jr., who was found unresponsive in Plaintiffs' subject lounger in early October of 2020. *Id.* ¶¶ 29–31.

Plaintiffs' state-court complaint contains well-pleaded allegations giving rise to eleven causes of action against all Defendants. Specific to Artsana U.S.A., Plaintiffs allege the Lancaster-based company was involved in the "manufacturing, designing, marketing, and/or selling the Boppy Loungers." *See id.* ¶¶ 11–12. Plaintiffs also allege that the negligence of all Defendants (including Artsana U.S.A.) "jointly and severally, in the manufacturing, marketing, designing, and/or selling of the Boppy Loungers . . . caused and/or increased the risk of harm to Plaintiffs." *Id.* ¶ 13.[1]

---

[1] Undersigned counsel is lead counsel in two other cases against Defendants over their defective baby lounger products. As referenced in Boppy and Walmart's notices of removal, one of them is *Rouh v. The Boppy Company, LLC*, which was filed in the Philadelphia County Court

Plaintiffs served Artsana U.S.A. on October 7, 2022. They served Walmart on Oct. 10, 2022. They served Boppy on October 17, 2022. They have not yet served Artsana S.P.A.

On October 28, 2022, Walmart filed a notice of removal, pressing the argument not advanced in *Rouh* that Plaintiffs fraudulently joined Artsana U.S.A. This apparently inspired Boppy to file a joinder and removal notice on November 7, 2022. In addition to echoing Walmart's fraudulent joinder argument, Boppy claims Artsana U.S.A. is a nominal defendant whose presence in this case does not bar removal. Meanwhile, both Walmart and Boppy have filed motions to dismiss, raising various issues regarding jurisdiction, venue, and the legal sufficiency of certain of Plaintiffs' claims. *See* Walmart Mot. to Dismiss, dated Nov. 4, 2022 (ECF No. 5); Boppy Mot. to Dismiss, dated Nov. 7, 2022 (ECF No. 10). On November 16, 2022, on Plaintiffs' request, the Court stayed Plaintiffs' deadline to respond to those motions until this motion is resolved, as this motion goes to the threshold question of jurisdiction.

## III.   ARGUMENT

### A.   As Artsana U.S.A. is a Pennsylvania Citizen, Removal Was Not Proper.

A civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants properly joined and served is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). A corporation is deemed a citizen of every state in which

---

of Common Pleas in December 2021 under Case I.D. Number 2112033198. *See Rouh* Dkt., attached as ***Ex. A***. The other is *Martinez v. The Boppy Company, LLC*, which was filed in the Philadelphia County Court of Common Pleas in February 2022 under Case I.D. Number 220200605. *See Martinez* Dkt., attached as ***Ex. B***. The plaintiffs in *Martinez* do not meet the requisites for diversity jurisdiction yet Artsana U.S.A. is still a defendant. *Rouh* presents complete diversity of the parties with Artsana U.S.A. as the sole forum defendant. *See Rouh* Compl., attached as ***Ex. C*** (listing Boppy, Target Corporation, Artsana U.S.A., and Artsana S.p.A. as defendants). Strikingly, none of the Defendants in *Rouh* filed notices of removal asserting that Artsana U.S.A. was fraudulently joined. Artsana U.S.A. remains a defendant in interest in both *Martinez* and *Rouh*. *See Martinez* and *Rouh* Dkts., ***Exs. A and B***.

is it incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

As Plaintiffs assert no federal claims, this matter is only removeable on the basis of diversity jurisdiction. Both Boppy and Walmart agree with that proposition. *See* Boppy's Notice of Removal and Consent to Walmart's Notice of Removal, ECF. No. 8, ¶¶ 5–10; Walmart's Notice of Removal, ECF No. 1. ¶¶ 13, 15–48.

Boppy and Walmart also agree that Artsana U.S.A. is a Pennsylvania-based company. As Boppy stated in its remand motion, Artsana U.S.A. has its "principal place of business in Lancaster, Pennsylvania" and Artsana U.S.A. "is a citizen of . . . Pennsylvania for purposes of diversity jurisdiction." See Boppy Notice of Removal at ¶ 8. As Walmart similarly stated, Artsana U.S.A. has a "principal place of business in the Commonwealth of the (sic) Commonwealth of Pennsylvania." Walmart Notice of Removal at ¶ 24.

With all parties agreeing that Artsana U.S.A.'s citizenship is not in dispute, Boppy and Walmart's principal argument is that Artsana U.S.A.'s joinder as a defendant in this action was fraudulent. Plaintiffs address this argument below and respectfully suggest that it fails as a matter of fact and law. The Court should also remand this matter because Boppy and Walmart did not obtain the requisite consent of Artsana U.S.A.

**B.     Removal Was Improper Because All Defendants Did Not Join in or Consent to Removal.**

In cases involving multiple defendants, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Here, Boppy and Walmart have failed to obtain Artsana U.S.A.'s consent. The prevailing test for consent to removal requires each defendant to: "(1) clearly and unambiguously join[] in the removing defendant's notice of removal; or (2) [file] a separate written consent to removal with the court." *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 558 (W.D. Pa. 2015) (citing

*A.R. v. Norris*, Civ. Action 15-1780, 2015 WL 6951872, at *3 (M.D. Pa. Nov. 10, 2015)).  Under this approach, "'a removing defendant, in their notice of removal, may not verify that all properly served codefendants consent to removal[.]'" *Id.* (citing *A.R.*, 2015 WL 6951872, at *3). Instead, the consent must come separately from each defendant, and each defendant must file it within thirty days of being served. *See id.* at 559.

Failure to consent within thirty days of service waives a defendant's ability to file a consent of record. *Id.* at 564–66. Courts do not allow the belated filing of a consent absent "extraordinary circumstances." *See id.* at 564 (cleaned up). In *Baldy*, a non-consenting defendant sought leave to file a proper consent with the Court even though more than thirty days had passed since service. *Id.* at 565. In rejecting this request, the Court emphasized that the plaintiff was the "'master of his own claim'" and had standing to object to removal. *Id.* at 566. The Court made clear that the non-consenting defendant had to show "extraordinary circumstances" to re-open the consent window but no such circumstances existed. *Id.*

Here, Artsana U.S.A.[2] did not file anything with the Court evidencing consent to removal. Instead, Boppy asserts in its own removal and consent filing that Artsana U.S.A's consent is "not required." *See* Boppy Notice of Removal ¶ 27. In support of this proposition, Boppy relies on the portion of Section 1446(b)(2)(A) requiring consent of "all defendants who have been *properly* joined and served" in this case. *See* 28 U.S.C. § 1446(b)(2)(A). Boppy's argument presumes that Artsana U.S.A was not properly joined in the first place, which is an open question. Boppy also cites to a footnote in *Balazik v. County of Dauphin*, 44 F.3d 209, (3d Cir. 1995), which states *in dicta* that a consent to removal is not required from an unknown or a nominal party or from a defendant that has been fraudulently joined. *Id.* at 213 n.4. Although this interpretation is not

---

[2] Artsana S.p.A. had not yet been served.

without some support, *see Baldy*, 149 F. Supp. 3d at 556 n.3, Plaintiffs suggest that the approach that most closely hews to the statutory language begins with the proposition that "[a] defendant claiming fraudulent joinder must sufficiently allege **and establish** this exception to excuse a failure to join in or consent to removal." *See Coralluzzo v. Darden Restaurants, Inc.*, Civ. No. 13-6882, 2015 WL 4713275, at *5 (E.D. Pa. Aug. 6, 2015) (emphasis added). Here, Boppy and Walmart have not established fraudulent joinder in the first instance. It is one thing to fail to obtain consent from a party that has not been served (such as Artsana S.P.A. here). But removing defendants should not be able to assume a legal conclusion when removing the case from the outset. In this regard, one might note that Boppy and Artsana U.S.A. have the same counsel so there would not be logistical challenges to securing Artsana U.S.A.'s consent if the company was willing to provide it. Artsana U.S.A., having been properly joined and served, should not be excused from the consent requirement, which is part of the bare prerequisites for a procedurally correct removal, solely because it is the subject of a fraudulent joinder argument that a court *may* come to embrace. Plaintiffs' motion should be granted on this basis alone.

### C.   Boppy and Walmart Have Failed to Meet Their Heavy Burden of Proving Artsana Was Fraudulently Joined.

Boppy and Walmart's arguments also fail on the merits of a fraudulent joinder analysis. For the reasons set forth below, Plaintiffs are entitled to remand as well as an order providing Plaintiffs their attorneys' fees and costs.

#### 1.   Requiring a heavy burden of persuasion, the Third Circuit has found fraudulent joinder applied on rare occasions.

The removal statutes "'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-on Tools Corp.*, 913 F.3d 108, 111 (3d Cir.1990) (citation omitted). As such, "'the removing party carries a heavy burden of persuasion'" in

establishing fraudulent joinder. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

To meet this heavy burden, a removing defendant asserting fraudulent joinder must show "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Id.* Stated differently, the claim against the non-diverse or forum defendant must be "wholly insubstantial and frivolous." *Id.* at 852. This inquiry is less "searching" than the pleading standard found in 12(b)(6) – wherein the court assesses whether the plaintiff has failed to state a claim upon which relief can be granted. *See id.* In the fraudulent joinder analysis, "[i]f there is *even a possibility* that a state court would find that the complaint states a cause of action against one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (quotation omitted) (emphasis added).

Considering the above standard, the United States Court of Appeals for the Third Circuit has found fraudulent joinder to apply in precisely three cases in the Court's history. One was non-precedential.

The first case finding fraudulent joinder was *In re Briscoe*, where the plaintiffs' claims against the non-diverse defendants were "clearly time-barred" under the governing statute of limitations. *See Briscoe*, 448 F.3d at 206. On top of the "rather unique" statute of limitations defense at issue, the case came before the Third Circuit on a writ of mandamus – "'a drastic remedy that a court should grant only in extraordinary circumstances in response to an act amounting to a judicial usurpation of power.'" *Id.* at 212, 220 (citations omitted). Although the Third Circuit affirmed the district court's finding of fraudulent joinder, the court was careful to contextualize its ruling in terms of the "extraordinary" nature of the relief sought:

> We emphasize that our holding in this matter is not intended to prejudice a later
> reviewing court in its consideration of petitioners' arguments for remand should

> petitioners elect to appeal on that issue after entry of a final judgment. We have merely reviewed the fraudulent joinder question for purposes of adjudicating petitioners' request for an extraordinary writ [of mandamus], and we conclude in that regard that petitioners lack a clear and indisputable right to relief.

*Id.* at 226.

In *Briscoe*, the Third Circuit embraced the notion that courts may, under certain limited circumstances, consider evidence outside the complaint for purposes of removal. But the Court there was clear that it would undertake only a "limited consideration of reliable evidence" – in that case, conclusive proof the plaintiff's case was time-barred, or evidence that is properly subject to judicial notice. *See Briscoe*, 448 F.3d at 220. The Court hinged its decision to examine outside evidence on a judicial "policy judgment that stale claims should not see the light of day[.]" *Id.*

The second case finding fraudulent joinder involved the claims of several workers against several entities including a bankrupt transportation facility, JEVIC Transportation, Inc. ("Jevic"). *Jevic*, 575 F.3d at 325. Jevic was subject to an automatic stay of all claims against it due to its bankruptcy filing. *Id.* Jevic nevertheless removed the case, which was promptly remanded by the district court. Then another defendant removed the case, and again the case was remanded.  On appeal, the principal issue was whether Jevic had been fraudulently joined by the plaintiffs simply to thwart removal given the provision of federal bankruptcy law providing that a post-petition case cannot be removed until the automatic stay is lifted.  *Id.* at 325-26. The Court noted that the "appeal does not involve a plaintiff that fraudulently named a non-diverse party to defeat diversity jurisdiction." *Id.* at 327. Nevertheless, because the plaintiff knew Jevic's bankruptcy made the case not removeable and further because the plaintiff "had no reasonable basis to believe that [Jevic] was amenable to suit," the Court found the plaintiff fraudulently joined Jevic to the action against Sun. *Id.*

9

Finally, in a third, non-precedential case, the Third Circuit found fraudulent joinder applied to a defamation claim against a law firm and lawyer that was clearly "barred by New Jersey's absolute litigation privilege[.]" *Roggio*, 415 Fed. Appx. at 433.

Other decisions from the Third Circuit addressing the doctrine of fraudulent joinder either have held that the removing defendants did not meet their burden of establishing fraudulent joinder or otherwise did not reach the doctrine. In *Boyer*, the district court found fraudulent joinder of non-diverse defendants because it reasoned they would prevail on a motion for summary judgment due to the plaintiff having signed a release with them. *Boyer*, 913 F.2d. at 110. The Third Circuit reversed, holding that a projection about how merits determinations would unfold down the road does not justify a fraudulent joinder in the first instance. It was error to find fraudulent joinder where there were similarly colorable claims against the diverse and non-diverse defendants alike. *Id.* at 111. Boyer makes clear that a district court may not convert a "threshold jurisdictional issue into a decision on the merits." *Id.* at 112.

In *Batoff*, the Third Circuit reversed the district court's finding of fraudulent joinder where the lower court employed the same standard it would have applied on a 12(b)(6) motion to a claim of fraudulent joinder. *Batoff*, 977 F.2d at 852. The plaintiff in *Batoff* was a psychologist who was assigned the right to sue State Farm Insurance Company for its failure to pay Batoff's patients' bills. *Id.* at 849. State Farm, Batoff alleged, had engaged in a civil conspiracy with another psychologist, Paul, who submitted reports that Batoff's services were not necessary or otherwise reimbursable. *Id.* The district court found that Paul was fraudulently joined because the complaint "fail[ed] to state a valid claim" against him. *Id.* at 850. Reversing the district court's decision, the Third Circuit stated that, "while the court did not characterize its analysis as being the same as it would make on a ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), that is exactly what

10

it was." *Id.* at 852. Characterizing the depth of its own analysis of the underlying legal claims against the forum defendant Paul, the Court stated:

> We, of course, do not suggest that our inquiry into Pennsylvania law has been penetrating, but it should not be, for if we made such an inquiry we would have decided this diversity case on the merits, even though the parties are not diverse.

*Id.* at 853.

A handful of other decisions from the Third Circuit have addressed fraudulent joinder. But other than *Briscoe*, *Jevic*, and *Roggio*, none have found this rigorous and difficult standard to be satisfied. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1015 (3d Cir. 1987) (holding that district court's finding of fraudulent joinder was an improper exercise of discretion); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 32–33 (3d Cir. 1985) (reversing denial of remand motion and declining to find fraudulent joinder where the citizenship of John Doe defendants was evident from the face of the plaintiff's complaint); *cf. Avenatti v. Fox News Network LLC*, 41 F.4th 125, 134 (3d Cir. 2022) (declining to conduct fraudulent joinder analysis in the first place).

In this case, especially when resolving all doubts in favor of remand, Plaintiffs' claims against Artsana U.S.A. are colorable and deserving of exploration and litigation. There certainly is no evidence that Plaintiffs view naming Artsana U.S.A. as a litigation trick and that they do not intend to prosecute their claims against Artsana U.S.A. in good faith. Indeed, Boppy's reference to *Rouh* serves only to illustrate Plaintiff's intention of litigating against Artsana U.S.A. In *Rouh*, as Boppy concedes, the plaintiffs have "refused" to dismiss Artsana, U.S.A. even though no removal petition was filed and the time for removal is long past, and despite the defenses' similar protestations that Artsana U.S.A. cannot be liable in that case either. The plaintiffs' determination to pursue claims against Artsana U.S.A. presages Plaintiffs' approach to this case as well. Artsana

U.S.A. is a defendant who will be pursued in litigation, not a procedural device. This point is further evidenced by the fact that Artsana U.S.A. has been named in the *Martinez* case even though that case does not even have diverse parties and removal is impossible under any circumstances. These other cases show just how seriously Plaintiffs take their claims against Artsana U.S.A., even when removal is not on the board as a procedural option.

What's more, despite the months-long litigation against Boppy, Artsana S.p.A., and Artsana U.S.A. in the *Rouh* and *Martinez* matters, there is no judgment dismissing Artsana U.S.A to speak of in either case. Further, there remains a strong possibility that a state court would find the instant complaint states a cause of action against Artsana U.S.A. At a minimum, Defendants' preliminary objections are still pending and have not been sustained. The Court can and should take judicial notice of these undisputed facts, which demonstrate that Artsana U.S.A.'s joinder in this case was not fraudulent, that removal was improper, and federal jurisdiction is lacking.

Properly viewed, the Third Circuit's precedential decisions involving diversity jurisdiction and finding that fraudulent joinder vitiated a remand motion amount to a single case, *Briscoe*, and the claims there were "clearly time-barred." There is no evidence that Plaintiffs' claims against Artsana U.S.A. are time-barred or otherwise so clearly unable to proceed, nor are there any facts subject to judicial notice precluding Plaintiffs' claims against this company.

2. **Decisions from district courts within this Circuit further establish Plaintiffs' right to remand.**

Even if the federal court "come[s] to believe that, at the end of the day, a state court would dismiss the allegations against a defendant for failure to state a cause of action[,]" that is still not enough to find fraudulent joinder. *Lyall v. Airtran Airlines, Inc.*, 109 F. Supp. 2d 365, 367–68 (E.D. Pa. 2000). This proposition powerfully supports Plaintiffs' motion to remand in this case. For even should Defendants be able to show that Artsana U.S.A. should be dismissed from the

case—a topic that would have to be explored through extensive discovery and summary judgment briefing—that dubious projection cannot secure the basis for deciding the threshold question of jurisdiction under the fraudulent joinder rubric.

Even if Plaintiff's purpose here in suing Artsana U.S.A. was only strategic, as Boppy and Walmart argue, a "strategic purpose of avoiding federal jurisdiction is neither improper nor legally relevant." *Chaborek v. Allstate Fin. Servs., LLC*, 254 F. Supp. 3d 748, 753 (E.D. Pa. 2017). Indeed, if avoiding federal jurisdiction were an improper motive, defendants' "very same goal" in opposing remand – as Plaintiffs assume they will here – would be problematic as well. *See id.* Thus, the U.S. Supreme Court has held that the motive of a plaintiff joining an additional defendant is "immaterial" so long as there is a good faith cause of action against those joined. *See id.*, citing *Mecom v. Fitzsimmons Drilling Co. Inc.* 284 U.S. 183, 189 (1931). "Even a specific intent to avoid federal jurisdiction is of no moment. "The fact that the plaintiffs' motive for joining a [non-diverse] defendant is to defeat diversity is not considered indicative of fraudulent joinder.'" *Id.*, citing *Abels* 770 F.2d at 32. The only question is whether viable claims against the non-diverse defendant exist. Here, they do.

Although some district courts have considered affidavits proffered by the defense, those affidavits only support a finding of fraudulent joinder where they establish with "complete certainty upon undisputed evidence" that a non-diverse or forum defendant has no liability. *See Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 508 (E.D. Pa. 2011), citing *Smoot v. Chicago, Rock Island & Pacific R.R. Co.*, 378 F.2d 879 (10th Cir. 1967).

Within this analytical rubric, self-serving affidavits are not enough. In *Yellen*, for example, the defendants provided the court with a statement purporting to establish the forum defendants were not liable. The plaintiffs responded that they contested the statement and its contents. *Id.* at

13

507. Given that contest, the Court declined to find fraudulent joinder. *Id.* at 508. In *Dambaugh v. Mylan Bertek Pharm., Inc.*, an affidavit from counsel for the only forum defendant (stating that defendant was merely a holding company) also did not "conclusively demonstrate the entire pertinent universe of [the forum defendant's] involvement with the distributing subsidiary and the drug." *Dambaugh*, Civ No. 07-1132, 2007 WL 3495335, at *2 (W.D. Pa. Nov. 13, 2007). Similarly, in *Gaynor*, *supra*, the a district court within the Eastern District of Pennsylvania refused to consider "the facts asserted in [the forum defendant's] self-serving affidavit to be undisputed for purposes of assessing fraudulent joinder." *Gaynor*, 2013 WL 4079652 at *5. The *Gaynor* Court also approvingly cited *Greenberg v. Macy's*, wherein the court refused to consider affidavits that contradicted allegations in the plaintiffs' complaint for purposes of fraudulent joinder. *See Gaynor v. Marriott Hotel Servs., Inc.* (citing *Greenberg*, Civ. No. 11–4132, 2011 WL 4336674, at *5 (E.D. Pa. Sept.15, 2011).

Here, there is nothing in the record – or outside the record for that matter – sufficient to support a conclusion "with complete certainty" that Plaintiffs' claims against Artsana U.S.A. are non-meritorious and must be dismissed. Plaintiffs' allegations against Artsana U.S.A are set forth above and are well-pled. At best, Walmart complains that Plaintiffs' Complaint "lump[s] all Defendants together into generalized averments." *See* Walmart Notice of Removal at ¶ 9. But the fact that Plaintiffs' causes of action proceed against all defendants reflects neither a surprise nor a pleading deficiency. It is certainly not grounds to find fraudulent joinder, especially where Pennsylvania Rule of Civil Procedure 1020 provides that "[w]here a plaintiff sues several defendants jointly, alleging liability jointly or in the alternative, separate counts are not required." See Pa.R.Civ.P. 1020; Goodrich–Amram 2d § 1020(a):3 (citation omitted). So, under Pennsylvania practice, it is entirely appropriate for a single cause of action to proceed against

multiple defendants. *See id.* This is particularly common in a products liability case, where every "seller" in the stream of commerce may be strictly liable to the plaintiff and hence common allegations may lie against multiple defendants. *See generally* RESTATEMENT (SECOND) OF TORTS § 402A (imposing liability of all sellers of a product). Additionally, each of Plaintiffs' causes of action demands judgment against Defendants jointly and severally. *See generally* Plaintiffs' Compl., *ad damnum* clauses (throughout).

Walmart also cries foul that "Plaintiffs' claims against Artsana USA were clearly designed for the sole purpose of destroying diversity to prevent removal to Federal Court[.]" *See* Walmart Notice of Removal ¶ 45. Boppy similarly laments that "Plaintiffs have fraudulently joined Artsana U.S.A. in an attempt to defeat this Court's subject matter jurisdiction." Plaintiffs deny these assertions and stand by their well-pled causes of action against Artsana U.S.A. Nevertheless, even assuming their truth, Plaintiffs' claimed intentions for adding Artsana U.S.A. as a defendant are legally meaningless, as the *Chaborek* decision makes clear. What matters only is whether Defendants can carry the heavy burden—even higher than the burden for demurrer—of showing that these claims are wholly insubstantial and frivolous based solely on a self-serving affidavit that Plaintiffs dispute and that will have to be tested carefully through discovery. On this record, Defendants have not met that standard.

Finally, Boppy and Walmart cite a handful of unreported cases that, they say, support consideration of their affidavits and, in turn, establish federal jurisdiction in this case. In fact, one of those cases explicitly supports remand. The others are all distinguishable as set forth below:

- *Accardi v. Dunbar Armored, Inc.*, WNOR ¶ 41: The Court ***declined to consider*** declaration submitted in support of removal and ***granted*** motion to remand. *See Accardi*, Civ. No. 13-1828, 2013 U.S. Dist. LEXIS 113822, 2013 WL 4079888, at *5–6 (E.D. Pa. Aug. 13, 2013):

- *Susman v. Goodyear Tire & Rubber Company*, Boppy Notice of Removal at ¶ 15: Although

the Court considered an affidavit disclaiming responsibility of the alleged forum defendant, the affidavit also swore that the entity plaintiff claimed was a forum defendant "***does not exist***." *Susman*, Civ. No. 17-3521, 2018 WL 1243733, at *4 (E.D. Pa. Mar. 9, 2018) (emphasis added).

- *Bernstein v. Balli Steel, PLC*, Boppy Notice of Removal at ¶ 15: Although the Court considered various documents outside the complaint in determining fraudulent joinder, the Court also found that "***the conclusion [was] virtually inescapable***" ***that the plaintiff unilaterally created a fictitious entity solely for litigation purposes***. *Bernsten*, Civ. No. 08-62, 2008 WL 862470, at *5-6 (E.D. Pa. Mar. 31, 2008) (emphasis added).

- *McNulty v. Auchter Indus. Serv., Inc.*, Boppy Notice of Removal at ¶ 15: The Court considered a lease agreement, which conclusively established the forum defendants were landlords out of possession that could not be liable as a matter of law. CV 15-5363, 2015 WL 7252907, at *3 (E.D. Pa. Nov. 17, 2015).

- *Weaver v. Conrail, Inc.*, Boppy Notice of Removal at ¶ 15: The Court found fraudulent joinder ***only*** on reconsideration and ***only*** after: (**1**) a diverse defendant ***admitted in its answer*** that it owned the railroad tracks that the plaintiff had asserted were owned by other non-diverse defendants; (**2**) the non-diverse defendants produced a ***quitclaim deed*** establishing they did not own the tracks; (**3**) the transfer of ownership of the tracks in question were the subject of an administrative decision of which the court could properly take ***judicial notice***; and (**4**) Plaintiff's counsel ***conceded the point*** altogether. *See Weaver*, Civ. No. 09-5592, 2010 WL 2773382, at *8–9 (E.D. Pa. July 13, 2010).

None of the circumstances presented in those cases remotely involve the completely appropriate situation presented here: litigation by a decedent's estate against all companies within a corporate family that manufactures the product that caused their child's death.

To be clear, Plaintiffs dispute the contentions raised in the Artsana affidavits and intend to test their veracity in discovery. And even taken at face value, the affidavits do not warrant application of the fraudulent joinder doctrine under the unreported cases Boppy and Walmart cite. Unlike in *Susman*, nobody swears Artsana U.S.A. does not exist. Unlike in *Bernsten*, nobody created a fictitious entity for purposes of litigation. Unlike *McNulty*, there is no lease here establishing Artsana U.S.A. was a landlord out of possession with no legal liability. And unlike *Weaver*, the admission of *some* defendants that they were sellers of the subject lounger product does not preclude a finding of that *another* defendant (Artsana U.S.A.) was also a seller subject to

liability. Nor are there any original documents, administrative decisions, or concessions of undersigned counsel here that Artsana U.S.A. is not liable. What the Court has is a verified pleading from Plaintiffs asserting well-pled causes of action against Artsana U.S.A., as against Artsana U.S.A.'s self-serving affidavits denying any involvement in the production and sale of the subject product. That factual contest has to get sorted out in discovery. In the meantime, the Court may not find that Artsana U.S.A. has been fraudulently joined to this case.

**D.      Artsana U.S.A. is Not a Nominal Party.**

Other than Boppy's simply saying so, there is no basis whatsoever in the record of this case supporting a determination that Artsana U.S.A. is a nominal party. A nominal party is a party that has no "real interest in the litigation." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991). The removing party has the burden of persuasion to prove that a party is nominal. *Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 450 (E.D. Pa. 2019).

As with its fraudulent joinder argument, Boppy has failed to carry its burden of persuasion that Artsana U.S.A. is a nominal party. Nothing in Plaintiffs' complaint indicates – let alone conclusively establishes – that Artsana U.S.A. lacks a real interest in this litigation. For Boppy's part, the company simply asserts that "[f]or the same reasons set forth above, Artsana U.S.A. has no real interest in this litigation nor is Artsana U.S.A. a necessary or indispensable party." In support of this, Boppy simply refers the Court to its fraudulent joinder argument without further comment. *See* Boppy Notice of Removal ¶ 23. In other words, Boppy says Artsana U.S.A. is nominal because it was fraudulently joined, and it was fraudulently joined because Boppy and Walmart say so. As with the fraudulent joinder arguments, Artsana U.S.A.'s self-serving affidavits generated solely for purposes of litigation do not come close establishing Artsana U.S.A.'s lack of an interest in this matter. The Court should reject this argument.

**E.      Plaintiffs Are Entitled to Attorneys' Fees and Costs Associated With Filing This Motion.**

District courts may award "just costs and any actual expenses, including attorney's fees" incurred as a result of a defective removal to federal court when the removing party lacked an objectively reasonable basis for the removal.  See 28 U.S.C. § 1447; *Martin v. Franklin Capital*, *Corp.*, 546 U.S. 132 (2005) ("Courts may award attorney's fees under 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."); *Step Plan Services, Inc. v. Koresko*, 219 Fed. App'x. 249 (3d Cir. 2007) (affirming district court's award of attorney's fees where removing defendant failed to obtain unanimous consent of all defendants before seeking to remove case).

Here, Removing Defendants improperly removed this case despite the clear dictate of 28 U.S.C. § 1441(b)(2), controlling case law in the Third Circuit, and relevant authorities of federal district courts in this state, which clearly prohibit removal under the present circumstances. Boppy and Walmart accuse Plaintiffs of bringing frivolous claims against Artsana U.S.A. Plaintiffs submit that the only frivolous matter before the Court are these Defendants' removal papers. Because Removing Defendants lacked an objectively reasonable basis for seeking removal, attorney's fees and costs are warranted and should be awarded.

Therefore, Plaintiffs respectfully request that, in the event the Court grants this Motion, that the Court further permit them to file a fee petition consistent with 28 U.S.C. § 1447(c), as set forth in the accompanying proposed order.

**IV.    CONCLUSION**

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant their Motion, remand this case to the Philadelphia Court of Common Pleas, assess fees and costs against Boppy and Walmart, and any other relief the Court deems just.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

_____
Shanin Specter, Esquire
Michael A. Trunk, Esquire
Aaron L. Dunbar, Esquire

Date:    November 23, 2022                    *Attorneys for Plaintiffs*

19

**IN THE UNITED STATES DISTSRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ZALEIPH WOOTEN and TAWANA PATINA, Individually and as Co-Administrators of the Estate of Z.W., Jr. a Deceased Minor,**<br><br>       **Plaintiffs,**<br><br>**vs.**<br><br>**THE BOPPY COMPANY, LLC, ET AL.**<br><br>       **Defendants.** | **2:22-cv-004341** |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of November, 2022, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's E-Filing system:

Thomas A. Kuzmick, Esquire
Rawle & Henderson LLP
The Widener Building
One South Penn Square
Philadelphia, PA 19107

Patrick J. McDonnell, Esquire
McDonnell & Associates, P.C.
860 First Avenue, Suite 5B
King of Prussia, PA 19406

_____
MICHAEL A. TRUNK