IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor,<br>1915 N. Fulton Avenue<br>Baltimore, MD 21217<br>and<br>929 Abbott Court<br>Baltimore, MD 21202, Respectively<br><br>      Plaintiffs,<br> v.<br><br>THE BOPPY COMPANY, LLC<br>350 Indiana Street, Suite 800<br>Golden, CO 80401<br>and<br>WALMART INC.<br>702 S. W 8th Street<br>Bentonville, AR 72716<br>and<br>ARTSANA U.S.A., INC. d/b/a CHICCO<br>1826 William Penn Way<br>Lancaster, PA 17601<br>and<br>ARTSANA S.P.A. d/b/a ARTSANA GROUP<br>Via Saldarini Catelli 1<br>Grandate, 22070 Italy<br>et al.<br><br>      Defendants. | CIVIL ACTION<br><br>CASE NO. 2:22-cv-04341<br><br>JURY TRIAL DEMANDED |

**DEFENDANT WALMART INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant Walmart Inc. (hereinafter referred to as "Walmart"), by and through its undersigned counsel, submits this Brief in Opposition to Plaintiffs' Motion to Remand.

  **I.**  **MATTER BEFORE THE COURT**

Plaintiffs' Motion to Remand.

  **II.**  **STATEMENT OF QUESTIONS INVOLVED**

1

1.       Should this Court deny Plaintiffs' Motion to Remand since Walmart did not need to obtain the consent of a fraudulently joined party prior to filing its Notice of Removal?

**Suggested Answer:    Yes. A Court's finding that a party was fraudulently joined would be dispositive on whether that party needed to consent to the Notice of Removal.**

2.       Should this Court deny Plaintiffs' Motion to Remand as Defendant Artsana U.S.A. d/b/a Chicco was indeed fraudulently joined?

**Suggested Answer:    Yes. Parties who are fraudulently joined cannot be considered as viable defendants for the forum defendant rule.**

### III. PROCEDURAL AND FACTUAL BACKGROUND

On or about October 7, 2022, Zaleiph Wooten and Tawana Patina Reid, individually and as co-administrators of the estate of Z.W., Jr., hereinafter referred to as "Plaintiffs" initiated their civil action by filing a Complaint in the Court of Common Pleas of Philadelphia, October Term, 2022, No. 0594. A true and correct copy of Plaintiffs' Philadelphia Complaint is attached hereto as Exhibit "A" and referred to herein as "Philadelphia Action." Recognizing that the Philadelphia Action was likely to be dismissed on jurisdictional grounds (or transferred to the United States District Court of Maryland), Plaintiffs also filed a virtually identical action in the Superior Court of the State of Delaware. A true and correct copy of Plaintiffs' Delaware Complaint is attached hereto as Exhibit "B" and referred to herein as "Delaware Action." Both actions bring products liability claims alleging wrongful death to a minor.

In the Philadelphia Action, Plaintiffs aver that they are citizens of Maryland. *See* Exhibit "A," ¶ 1. Plaintiffs claim that Z.W., Jr. "died intestate on October 8, 2020, at the age of seven (7) days." *See* Exhibit "A," ¶ 2. Plaintiffs claim that Z.W., Jr. was caused to asphyxiate and pass away due to a design defect with a Boppy Original Newborn Lounger (hereinafter the "Product"). *See* Exhibit "A," ¶¶ 29, 32. Plaintiffs claim that they received the Product as a gift, purchased for them from their Walmart baby registry. *See* Exhibit "A," ¶ 19. The Delaware Action essentially states the same allegations. See Exhibit 'B" at ¶¶ 1-6; 16-18; and 26.

In both the Philadelphia and Delaware Actions, Plaintiffs named The Boppy Company, LLC (hereinafter "Boppy"), Walmart, Artsana U.S.A., Inc. d/b/a Chicco (hereinafter "Chicco"), and Artsana S.P.A. d/b/a Artsana Group (hereinafter "Artsana"). *See* Exhibits "A" and "B." Plaintiffs also name various ABC Companies and John Does as defendants in the Philadelphia action. *See* Exhibit "A."

Plaintiffs generally aver that "the [Product(s)]… are designed, marketed, sold, and manufactured by the Defendants." *See* Exhibit "A," ¶ 21. Although fact pleading is required in Pennsylvania, Plaintiffs' Philadelphia Action fails to state any specific facts to suggest that Chicco designed, manufactured, marketed, or sold the Product.[1] *See* Exhibit "A" generally. The Complaint states non-specific, boilerplate allegations against all "Defendants." The Complaint does not identify the specific role that each named defendant purportedly played with the product. Essentially, it claims that all "Defendants" participated equally in the design, manufacture, and sale of the Product, which of course, is inherently and facially false, as Walmart certainly had no role in manufacturing or designing the Product[2].

Walmart filed its Notice of Removal on October 28, 2022, which averred that Chicco was fraudulently joined. (ECF Doc. 1). Walmart filed a Motion to Dismiss Plaintiffs' Complaint for a Lack of Personal Jurisdiction on November 4, 2022. (ECF Doc. 5). Boppy filed its Consent to Walmart's Notice of Removal and its own Notice of Removal on November 7, 2022, which admitted their involvement with the product and averred that Chicco was fraudulently joined. (ECF Doc. 7). Boppy simultaneously filed its own Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, Forum *Non Conveniens*, and Failure to State a Claim on Which Relief can be Granted. (ECF Doc. 10). On November 15, 2022, this Honorable Court stayed Plaintiffs' time to

---

[1] "Pennsylvania is a fact-pleading state; a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Lerner v. Lerner*, 2008 PA Super 183, 954 A.2d 1229, 1235 (Pa.Super. 2008). A Pennsylvania complaint must disclose the material facts sufficient to enable the adverse party to prepare his case. "A complaint therefore must do more than give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. It should formulate the issues by fully summarizing the material facts." *Warner v. B. Pietrini & Sons*, 2017 Pa. Super. Unpub. LEXIS 2837, *12-13, 175 A.3d 409 (Pa.Super. 2017). "Material facts are ultimate facts, *i.e.* those facts essential to support the claim. Evidence from which such facts may be inferred not only need not but should not be alleged.... Allegations will withstand challenge under [Rule] 1019(a) if (1) they contain averments of all of the facts the plaintiff will eventually have to prove in order to recover, and (2) they are sufficiently specific so as to enable defendant to prepare his defense." *Id.* (quoting *Baker v. Rangos*, 229 Pa. Super. 333, 324 A.2d 498, 505-06 (Pa.Super. 1974)).

[2] Plaintiffs' Counsel is surely familiar from their investigation of the other cases involving similar allegations involving the same product that Walmart did not design or manufacture the Product. It is also worth noting that Walmart denies selling the specific Product relevant to Plaintiffs' claim.

respond to these respective motions pending the outcome of its contemplated Motion for Remand. (ECF Doc. 17). On November 23, 2022, Plaintiffs filed the instant Motion for Remand. (ECF Doc. 20). On November 28, 2022, this Court granted Walmart and Boppy an extension of time to respond to the instant motion. (ECF Doc. 22).

      Plaintiffs seek remand based upon the "forum defendant rule," but the only potential "forum defendant" identified by Plaintiffs is Chicco, as all other parties maintain citizenship outside of the Commonwealth of Pennsylvania. Though Chicco is a citizen of Pennsylvania, as will be discussed further below, it had no involvement in the manufacture, design, marketing, sale, or distribution of the Product. Moreover, Plaintiffs have not proffered any specific factual allegations in either the pleadings or in their motion to remand that identify what Chicco did with respect to the Product. In fact, Plaintiffs knew at the time the suit was filed that Chicco was not involved in the manufacture, design, marketing, sale or distribution of the Product. Since the time the suit was filed, Boppy has judicially admitted that it manufactured, designed, marketed, sold, and distributed the product, not Chicco. Uncontested affidavits have also been submitted by both Chicco and Walmart that establish Chicco's lack of involvement in the case.

      Prior to the filing of Walmart's Notice of Removal, Chicco filed Preliminary Objections in the Philadelphia County Court of Common Pleas[3], arguing that it was not involved with the Product. In support of their Preliminary Objections to Plaintiffs' Complaint, Chicco submitted an Affidavit of Non-Involvement of Defendant Artsana USA, Inc. d/b/a Chicco. *See* a true and accurate copy of Affidavit of Chicco, attached hereto as Exhibit "C." The Affidavit, which comes from another similar action that pre-dates the instant matter, and to which Plaintiffs' Counsel has knowledge, was sworn to by the Chief Executive Officer (CEO) of the company, Tom Gwiazdowski, under penalties related to unsworn falsifications. Exhibit "C," ¶ 1. Mr. Gwiazdowski

---

[3] *See* ECF Doc. 1-6

swore, under penalty of law, that he had personal knowledge of the workings of the company. Exhibit "C," ¶ 2. He swore, under penalty of law, that Chicco "is not, and never has been involved with the design…manufacture… sale… [and] marketing of the Product (Boppy Original Newborn Lounger.)" Exhibit "C," ¶¶ 5-9. As such, Plaintiffs' averments that Chicco was involved in the design, marketing, manufacture, or sale of the product are demonstrably false.

In Boppy's own Notice of Removal, it denied that Chicco was involved with the Product and averred: "Instead, Boppy designed, manufactured, marketed and sold the *Boppy* Newborn lounger." [4] *See* Boppy's Notice of Removal, ECF Doc. 7, ¶ 16. Therefore, for the purposes of this case, Boppy judicially admitted Plaintiffs' material allegations about the Product. Boppy and Chicco's averments in this regard are consistent with the affidavit from Walmart Senior Merchant Paulo Araujo that Walmart submitted in support of its Notice of Removal. *See* Exhibit "D." Mr. Araujo swore that he was familiar with Walmart's relationship with various suppliers of products to Walmart, and that Chicco **did not** supply Walmart with the product referenced in Plaintiffs' Complaint[5]. Exhibit "D," ¶¶ 2-3.

Plaintiffs have not provided any factual evidence that contradicts Boppy's judicial admissions, or the Affidavits submitted by both Walmart and Chicco. They have simply rested upon the vague and general allegations in their pleadings. As such, the Admissions and Affidavits from the parties that are now before the Court are uncontested.

In this case, Chicco is a "straw man" party, joined solely to defeat diversity. Plaintiffs plead no specific factual allegations to substantiate what they allege Chicco did with respect to the

---

[4] Walmart assumes that Boppy admitted its role in the Product *alleged* to have been involved in this matter. The Defendants have not had an opportunity to conduct an inspection or determine whether the product *alleged* was the actual product involved in the tragic incident.

[5] Walmart does not admit or concede that it sold the specific Product that is the subject matter of this litigation. Rather, if Walmart did sell the type of product underlying the instant litigation, it would have obtained that product directly from Boppy.

6

Product; and Plaintiffs' Motion for Remand provides no additional insight into their specific claims against Chicco. As introduced above, and set forth more fully below, Chicco had no role in the design, marketing, sale, or manufacture of the Product. Chicco is a complete stranger to the facts underlying this lawsuit. Plaintiffs have sued the wrong party and spun from whole cloth baseless allegations pertaining to Chicco's relationship with the Product in an effort to create a sham "forum defendant." In this matter, diversity is complete, and this Court has original jurisdiction. The Plaintiffs are citizens of the State of Maryland. None of the properly named and joined defendants are citizens of the State of Maryland. Further, the amount in controversy is in excess of $75,000; therefore, the requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

### IV. LEGAL ARGUMENT

Although the term "fraudulent joinder" is often used to describe the issue, "there is no need for fraud." *Monroe v. Ethicon, Inc.*, 2019 U.S. Dist. LEXIS 219722, *25, n.55, 2019 WL 7050130 (E.D. Pa. Dec. 23, 2019). Several judges within this District have described it as "improper joinder. *Id.* (citing 16 *Moore's Federal Practice*, § 107.52[4][a] n. 14, 14.1 (collecting cases). A finding that Chicco was fraudulently joined defeats both of Plaintiffs' arguments supporting remand. A fraudulently joined party neither needs to consent to removal, nor can it be considered a forum defendant. Therefore, the ultimate question posed by the instant motion is whether Chicco was improperly joined to Plaintiffs complaint. For the reasons set forth further below, Chicco is, irrefutably, a fraudulently joined party to this action, and Plaintiffs' Motion for Remand must be denied.

### A. This Court has Original Jurisdiction Over this Matter and Plaintiffs' Purported Procedural Defects are Meritless

Pursuant to 28 U.S.C. § 1332(a) District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Plaintiffs concede that their wrongful death action is in excess of $75,000 and that diversity

exists. Thus, their sole basis for remand is the forum defendant rule. 28 U.S.C. §1441(b). The Third Circuit has held that "section 1441(b)'s bar against removal by a forum-state citizen is not jurisdictional." *Korea Exch. Bank, N.Y. Branch v. Trackwise Sales Corp.*, 66 F.3d 46, 50, (3rd Cir.1995) (citations omitted). Plaintiffs' Motion for Remand makes no distinction among the cases where jurisdiction is at issue because the defendant is non-diverse; as opposed to situations here, where the court does have original jurisdiction but for the forum defendant rule. Although the Third Circuit has imposed a heightened scrutiny for remand motions where jurisdictional issues are at stake, it is not clear that the same heightened standard applies where only the forum defendant rule is implicated.

Unlike the joinder of a non-diverse defendant, "the forum defendant rule is procedural rather than jurisdictional" when a case could have been filed in federal court originally. *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (*internal quotations omitted*). As explained by Judge Pappert of this Honorable Court:

> Courts strictly construe removal statutes and resolve all doubts in favor or remand. *See In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006). The rationale for this rule flows from federal courts' obligation to "scrupulously confine their own jurisdiction to the precise limits which [Congress] has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S. Ct. 868, 85 L. Ed. 1214 (1941) (quoting *Healy v. Ratta*, 78 L. Ed. 1248, 292 U.S. 263, 270, 54 S. Ct. 700 (1934)). Indeed, recitations of that strict-construction rule invariably also note that "a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). But here "the forum defendant rule is procedural rather than jurisdictional" because this case could have been filed in federal court originally. *Encompass Ins. Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147, 153 (3d Cir. 2018) (quotation omitted). Given the lack of jurisdictional concerns, it is unclear the Court must strictly construe § 1441(b)(2) or impose any heightened burden on [the removing defendant].

*Curran v. Ethicon, Inc.*, 2020 U.S. Dist. LEXIS 44808, *5.

Similarly, Judge Baylson has noted that the appropriate standard for analysis of the forum defendant rule is not "fraudulent joinder," but "improper joinder," which is consistent with the plain meaning of the statute. *Markham v. Ethicon, Inc.,* 434 F. Supp. 3d 261, 266-267, 2020 U.S. Dist.

LEXIS 11650, *11, 2020 WL 372147 (E.D. Pa. January 22, 2020) ("The Court does not reach any concept of 'fraudulent joinder' simply because the naming of Secant was a nullity and must be ignored. Secant was not 'properly joined.'"). The Third Circuit has deemed the language of section 1441(b), which discusses "improperly joined" to be unambiguous. *Encompass Ins. Co, supra*, at 153. The statute itself refers to improper joinder, not fraudulent joinder. Therefore, it is unclear that the forum defendant analysis requires a finding of "fraudulent joinder," as opposed to mere improper joinder. For this reason, Judge Kearney of this Court has also concluded that the appropriate standard in the forum defendant context is "improper joinder," and not the fraudulent joinder applicable to cases involving jurisdictional defects. *Monroe, supra,* at *25, 2019 ("The use of 'fraudulent' to describe the issue is a misnomer. There is no need for fraud. No one claims deceptive conduct. The better description used by several courts is 'improper' joinder. *See generally* 16 *Moore's Federal Practice*, § 107.52[4][a] n. 14, 14.1 (collecting cases)).

Virtually all of the "fraudulent joinder" cases cited within Plaintiffs' Brief refer to cases involving non-diverse defendants where the court's very jurisdiction was at issue. Although *Brown v. JEVIC*, 575 F.3d 322, 327 (3rd Circ. 2009) analyzed a forum defendant situation in terms of "fraudulent joinder, it ultimately found," [i]t was plainly improper for Brown to sue JEVIC in state court after JEVIC had filed for bankruptcy protection." While it concluded that the forum defendant was fraudulently joined, it did not hold that the heightened standard was required in such cases, it simply found that courts could disregard improperly joined forum defendants as well. In the cases since *Jevic,* the Third Circuit has not specifically applied the heighted standard and recently questioned whether that same "fraudulent joinder" standard applies to nondiverse defendants. *Jallad v. Madera*, 784 Fed. Appx. 89, 94, (3rd. Cir. 2019). Nonetheless, the joinder of Chicco to this action is improper and fraudulent under any standard.

9

## B. Chicco's Lack of Consent to the Removal of the Matter is Irrelevant as Chicco is a Fraudulently Joined Defendant

Plaintiffs first argue that Chicco's lack of consent, or violation of the unanimity rule, poses sufficient grounds for the remand of this matter back to the Philadelphia County Court of Common Pleas. This argument turns on whether Chicco was fraudulently, or improperly, joined since the consent of an improperly joined party, such as Chicco, is not required under the law.

Removal from State to Federal Court is governed by 28 U.S.C. 1446, which "has been construed to require that when there is more than one defendant, all must join in the removal petition." *Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir. 1985) (*citing Northern Illinois Gas Co. v. Airco Indus. Gases*, 676 F.2d 270 (7th Cir. 1982). "The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995). Therefore, a finding that Chicco was fraudulently joined is dispositive on the purported violation of the unanimity rule.

As was first raised in both Walmart and Boppy's Notices of Removal, and will be discussed further below, Chicco is, irrefutably, a fraudulently (improperly) joined party. As such, Chicco's consent to the Notices of Removal was not required. The only two Defendants to this action who were required to consent to the removal have so done, and Plaintiffs' first argument for remand must fail[6].

## C. Chicco is a Fraudulently (Improperly) Joined Defendant Whose Citizenship Should Not Be Considered in Determining Whether Diversity Exists in this Action

As set forth above, the recent trend suggests that the standard for analyzing whether a diverse forum defendant has been properly joined, does not require the heightened scrutiny of the

---

[6] It is worth noting that Artsana also need not consent to the removal of this action as they had not been served at the time removal was filed. *See* Ogeltree v. Barnes, 851 F. Supp 184, 187 (E.D.Pa. 1994).

10

"fraudulent joinder" doctrine. Because it does not implicate this Court's subject matter jurisdiction, it simply requires a finding that the forum defendant was "improperly joined." Nonetheless, the joinder of Chicco meets the heightened standard.

The Third Circuit has found that the plain meaning of the forum defendant rule prohibits remanding a case simply because a forum defendant has been improperly joined. *Encompass*, *supra*, at 153. A Plaintiff cannot rely upon a fraudulently joined forum defendant to avoid removal. *Susman v. Goodyear Tire & Rubber Co.,* 2018 U.S. Dist. LEXIS 39214, *19, 2018 WL 1243733 (E.D. Pa. Mar 8, 2018)[7]. District courts in the Third Circuit, as well as other Courts of Appeals, have held that the doctrine of fraudulent joinder applies to the improper joinder of forum defendants. *Goodyear, supra* at *16-17(*citing Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017) (noting that because defendants were fraudulently joined, forum defendant rule did not prevent removal); *Jallad v. Felix Madera & Progressive Ins.,* Civ. A. No. 16-4795, 2016 U.S. Dist. LEXIS 154981, 2016 WL 6600036, at *3 (E.D. Pa. Nov. 8, 2016) ("[A]n action can be removed despite the existence of forum-state or non-diverse defendants if those parties were 'fraudulently' named as defendants with the sole purpose of defeating federal jurisdiction.") (*quoting Moore v. Johnson & Johnson*, 907 F. Supp. 2d 646, 662 (E.D. Pa. 2012); *Snider v. Sterling Airways, Inc.*, 2013 U.S. Dist. LEXIS 5750, 2013 WL 159813, at *3 n.5 (E.D. Pa. Jan. 14, 2013) ("[F]raudulent joinder principles also apply to joinder for purposes of invoking the forum defendant rule."); *Yellen v. Teledne Cont'l Motors, Inc.,* 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (fraudulent joinder prevents a plaintiff from "improperly invoking the forum defendant rule to shield itself from removal")).

The Third Circuit permits limited piercing of the pleadings in assessing fraudulent joinder claims to establish that the non-diverse defendants were "fraudulently" named or joined solely to defeat diversity jurisdiction. *In re Briscoe*, 448 F.3d 201, 220, (3rd Cir. 2006) As the court in *Briscoe*

---

[7] For the Court's ease of reference, a copy of the *Goodyear* opinion is attached as Exhibit "E."

11

explained, "we see no reason to preclude a district court from a limited consideration of reliable evidence that the defendant may proffer to support the removal." *Id.*; *See also*, *Weaver v. Conrail, Inc.*, 2010 U.S. Dist. LEXIS 69553, *20, 2010 WL 2773382.[8] Among the information that can be considered, includes matters of record in other and prior proceedings, facts subject to judicial notice, the absence of proof of a defendant's involvement in claimed conduct, and even a defendant's business records. *Id.* at *21; *Bernsten v. Bali Steel, PLC*, 2008 U.S. Dist. LEXIS 25892, 2008 WL 862470, at *5-6 (E.D. Pa. Mar. 31, 2008); *In re: Diet Drugs*, 220 F. Supp. 2d 414, 419-20 (E.D. Pa. 2002).

In *Weaver,* the plaintiff argued that the court was required to accept her pleadings that Conrail "owned, operated, maintained and controlled the railroad tracks where [she] was injured," and not look outside the four corners of the complaint. *supra* at *21. The *Weaver* court first looked at co-defendant, CSX Transportation, Inc, admissions in pleadings that it "owned, operated, maintained, and controlled" the railroad tracks described in the complaint. *Id.* at 21-22. Similarly, after denying Chicco's involvement, Boppy's Notice of Removal, states specifically, "Instead, Boppy designed, manufactured, marketed and sold the *Boppy* Newborn lounger." Boppy Notice of Removal, ECF Doc. 7, ¶16. By filing this pleading, which constitutes a judicial admission, Boppy is clearly estopped from making a contrary argument about these issues at trial or on appeal. *Weaver, supra*, at *22; *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 211 n.20 (3d Cir. 2006); *Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004).

Further, Boppy's Notice of Removal attached pleadings where Chicco provided affidavits averring its non-involvement. Boppy asserted that it had requested discovery from the same Plaintiffs' lawyers substantiating any involvement on the part of Chicco. Despite numerous lawsuits

---

[8] For the Court's ease of reference, a copy of the *Weaver* opinion is attached hereto as Exhibit "F."

12

pending involving this product, Plaintiffs have failed to produce any documents establishing that Chicco had any role with respect to this Product.

Likewise, Walmart, has provided an Affidavit stating that it purchased the type of product like the one underlying the instant litigation, from Boppy.[9] It is proper for the Court to consider the admissions and affidavits of Boppy, Walmart, and Chicco, as District Courts in this Circuit have considered similar affidavits and found it to be proper. *Goodyear, supra* at *16 (*quoting Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3rd Cir. 1990)).

In the matter at hand, Plaintiffs, despite their repeated claims of a "well pleaded" Complaint against Chicco, have done nothing to *actually* demonstrate that they have a colorable claim against Chicco. Plaintiffs simply *repeatedly* cite back to the fact that they have made general allegations against Chicco as evidence as they have a colorable claim against the entity. They seem to argue that because other plaintiffs represented by this same attorney made the choice to name Chicco in other similar actions, and those actions have not yet been dismissed with prejudice, Chicco cannot be found to be fraudulently joined. If this argument were to be followed, the only time Chicco could be dismissed from these actions would be if it were simultaneously dismissed from each action; a clearly preposterous position. This argument also ignores the simple fact that Chicco has been improperly named in those other actions as well. In fact, it is from one of those other matters where Mr. Gwiazdowski affidavit of non-involvement originated. *See* Exhibit "C." Chicco has been, repeatedly, improperly named in these suits, and the cumulative effect of these multiple improprieties does not add up to well pleaded claims against the entity. Repeating demonstrably false allegations in multiple lawsuits does not make them true.

---

[9] As previously stated, Walmart strictly denies selling the specific Product underlying the instant litigation, while conceding that if it sold the type of product like the one underlying this litigation, it obtained that product directly from Boppy.

Moreover, Walmart's own uncontradicted affidavit confirms that it had no relationship with Chicco with respect to the type of product underlying this claim. *See* Exhibit "D." Walmart has a relationship with Boppy with respect to this type of product. Thus, assuming *arguendo* that Walmart sold the Product underlying this claim, which Walmart in **no way** admits or concedes, even in that hypothetical scenario, the Product would not have been supplied to Walmart by Chicco. Boppy admits in its Notice of Removal that it designed, manufactured, marketed, and sold the product without any involvement from Chicco. As such, there is substantial evidence in the records that the Court may consider in determining that Chicco is a fraudulently joined defendant.

Based on the evidence in the record, Walmart has met its burden to demonstrate that Plaintiffs fraudulently joined Chicco. Plaintiffs have done nothing to cast any doubt on this weighty evidence, as the Plaintiffs in *Goodyear* so tried.[10] Rather, they have advanced the circular argument that their complaint is well pleaded because it is how other plaintiffs represented by the same attorney have pled the matter in other cases.[11] Troublingly, just as the plaintiffs in *Goodyear* were in possession of evidence of the fraudulently joined defendant's non-involvement[12] when they improperly named the fraudulently joined defendant, Plaintiffs in the matter *sub judice*, through their Counsel, possessed Mr. Gwiazdowski's affidavit at the time the instant matter was filed. Indeed, as Plaintiffs' Counsel noted in Plaintiffs' remand motion, he is "lead counsel" in the matter from which Chicco's affidavit originates. As such, just as was the case in *Goodyear*, Plaintiffs possessed sufficient knowledge of Chicco's non-involvement in the instant litigation.

---

[10] *Goodyear*, *supra*, at *14.

[11] Walmart is not a party to these other matters, but understands that those matters remain in preliminary jurisdictional discovery.

[12] *Goodyear*, *supra*, at *5.

In the matter at hand, Chicco is irrefutably a fraudulently joined defendant. Plaintiffs repeatedly, and mistakenly assert that their Complaint contains well pled allegations against Chicco. However, their circular reasoning must fail in the face of the weight evidence against it, including Walmart and Chicco's affidavits, which make clear that Chicco had no involvement in the matter at hand. As such, Chicco is a fraudulently joined defendant, and Plaintiffs' Motion for Remand must fail.

### V.  CONCLUSION

For the reasons set forth above, Defendant Walmart Inc. respectfully requests that this Honorable Court deny Plaintiffs' Motion to Remand in its entirety.

Date: 12/14/22

Respectfully submitted,
**MCDONNELL & ASSOCIATES, PC**

*/s/ Sean K. Ruckenstein*
Patrick J. McDonnell, Esquire
Attorney I.D. No. 62310
pmcdonnell@mcda-law.com
Sean K. Ruckenstein, Esquire
Attorney I.D. No. 328701
sruckenstein@mcda-law.com
Metropolitan Business Center
860 1st Avenue, Suite 5B
King of Prussia, PA 19406
(T) 610.337.2087 (F) 610.337.2575
*Counsel for Walmart Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZALEIPH WOOTEN and TAWANA PATINA REID, Individually and as Co-Administrators of the Estate of Z.W., JR., a Decreased Minor,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOPPY COMPANY, *et al*<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO. 2:22-cv-04341<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

  I, Sean K. Ruckenstein, Esquire, hereby certify that on December 14, 2022, a true and correct copy of this Response to Plaintiffs' Motion for Remand was filed electronically with the Court and is available for viewing and downloading from the Court's Electronic Case Filing System by the following users:

Shanin Specter, Esquire
Michael A. Trunk, Esquire
Aaron L. Dunbar, Esquire
**KLINE AND SPECTER, PC**
1525 Locust Street
Philadelphia, PA 19102
*Attorneys for Plaintiffs*


Thomas A. Kuzmick, Esquire
Mary Ann Capriotti, Esquire
**RAWLE & HENDERSON, LLP**
The Widener Building
One South Penn Square
Philadelphia, PA 19107
*Attorneys for Defendant Artsana U.S.A. d/b/a Chicco & The Boppy Company, LLC*

                 **MCDONNELL & ASSOCIATES, P.C.**

Dated: December 14, 2022     By: /s/ *Sean K. Ruckenstein*
                   Sean K. Ruckenstein, Esquire
                   *Attorneys for Walmart Inc.*